OPINION of the Court, by
Judge Owsley.
— The plaintiff in error, alter a trial in an action brought by him against the defendant, recovered a judgment at law for about 16/. To obtain relief against the judgment the defendant in error exhibited his bill in equity, alleging as reasons for resorting ta a court of chancery, that owing to certain facts resting in the knowledge of the plaintiff only, he was unable to make full defence to the action at law ; and that being deceived by the representations ol the plaintiff’s attorney, he was surprised at the trial at law, and was not then prepared to make de-fence. He obtained an injunction against the plaintiff’s judgement, and on a final hearing the court below made tile injunction perpetual.
We are of opinion that court erroneously sustained the defendant’s bill and decreed relief against the judgment at law. The facts of which a discovery was Sought m the bill, are denied by the answer ; and although equity will take jurisdiction for the purpose of a discovery, and when the discovery is obtained retain jurisdiction lor the purpose of granting relief, a party should not be permitted, by alleging the want of a discovery, to transfer the jurisdiction from a court of law to a court of equity, and thereby' authorise relief to be *304 decreed on the production of, evidence in opposition tec the answer. The answer in this case, therefore, not having furnished the discovery sought, the circuit court for that cause should not have retained jurisdiction for the purpose of giving relief.
The surprise alleged in the bill can furnish no grounds for relief. That allegation is likewise traversed by the answer and not established by proof. And besides, the circumstance of no application having been made for a pew trial at the time judgment was obtained at law, affords strong and convincing evidence that there was no surprise.
The defendant having failed to shew a sufficient cause for his application to a court of equity, his bill should have been dismissed with costs.
The decree of the court below, therefore, must be reversed with costs, &c.