Opinion of the Court.
ON the 17th of March 1819, Neill and Davis, at Bards» town, Kentucky, drew a bill of exchange, requesting Joshua Baldwin & Co. commission merchants-at New-Orleans, sixty days after' date ; to pay to the order of William Neill seven hundred dollars. '
The bill on the same day was endorsed by William Neill to William Neill, jun. by William Neill jun. to Leroy Gregory, the present defendant, by Gregory- to William Bard, and by Bard to Nourse, the present plain-tiiF. ,
Payment of the bill not havipg been obtained from Baldwin & Co. this suit was brought in the circuit court by Nourse against Gregory on his endorsement.
The declaration, after setting out the bill of exchange and the several endorsements thereon, alleges a presentation of the bill to Baldwin & Co. at Ncw-Orleans, on the 17 tli of April 1819, for acceptance, and their refusal to accept the same; and also alleges a demand of them for payment at New-Orlcans, on the 19th of May 1819; and avers that the bill was regularly, by a notary at New-Orleans, protested for non-acceptance as well as for non-payment, and that due and regular notice *379 of the dishonor of the bill, &c. by Baldwin &Co. was given to Gregorj'. '
Whore a plaintiff at law files a bil) of discovery to obtain, as evidence in support of his suit at law, the answer of the defendant, he may read or not road such an swer to the' jury, at his election.
Ho may waive tho answer and in-, troduce other evidence, or he may intro - duce the answer and disprove by nth ■ er evidence, all allegations in it, de-tn'Dental to his cause.
*379 During the progress of the dause in the circuit' court, Nourse exhibited a bill ip chancery, calling upon Gregory, among other thingsyltó discover on oath, whether of not he had received due and regular notice of the nonacceptance and non-payment of the bill of exchange; and the bill in chancery was answered by Gregory, before this cause -whs called for trial in the circuit court.
On ihe trial, the counsel for Nourse read the bill which had been exhibited against Nourse in chancery,, for the purpose o('introducing, Gregory’s answer thereto as evidence; but before he commenced reading the answer, observed he would decline reading it, and would rely upon other testimony, which he was prepared to introduce, to prove the facts which Gregory had- been, called on in the bill of discovery to answer.
The counsel of Gregory objected to the introduction-of any- evidence to disprove or contradict the statements contained in his answer, insisting that the answer was conclusive as to the facts therein contained. The Oo®rt sustained the objection,'and refused to admit any evidence tending to disprove the correctness of the’ statements contained in the answer.
1.- In so deciding, we are of opinion, the court erred. It is no doubt competent for a plaintiff in an action at law, by a bill in chancery containing suitable aver-ments, to compel a discovery from the defendant, of such facts as are pertinent to the matter in contest, and which may be deemed essential to his right; hut we are aware of no principle of law, which either compels the plaintiff, after having obtained an answer to such a bill, to use it on the trial of the action at law, or if he should use it, that precludes him from controverting the correctness of its statements by other evidence. An answer to a bill of discovery is entitled to no higher consideration, than an answer to any other description of hill, when given in evidence on the trial of an issue at law; and of answers in general, it is said, that although “ the party producing an answer, makes the whole evidence for the defendant,of the facts stated in it,yet: it is not conclusive evidence of those facts, but the plaintiff may contradict it by other evidence; or if the jury, from the: whole circumstances of the case, see reason to believe-on e part of it, and; to disbelieve another, they may use *380 the same discretion in ibis instance, as in every other, of drawing such conclusions? results from all the cii*. cumstances taken together.” Peake’s Evi. %G.
'Where a bill in chancier/ is brought both for discovery and relief, and the jurisdiction of chancery to £ive relic, f can be maintained on no other ground than that of the discovery sought, after a denial of these facts by the an- ■ swer, no other evidence ■will justify a decree for relief. ■
2. We know that where a bill is exhibited for tbe purpose of obtaining relief, as well as to draw from the défendant a discovery, and the jurisdiction of the chancellor to give relief is maintainable on no.other ground than that of the discovery sought, it has been repeatedly held, that after a denial of the facts charged in the bill by the answer, no extraneous evidence will authorise relief to be decreed. But those decisions do not go on the notion that the complainant is concluded - from controverting facts alleged by a defendant in his . answer; but they proceed on the incompetency of the court to decide controverted facts, where it has no jurisdiction; and in those cases the court possessed no jurisdiction to give relief, after tbe discovery sought in, the bill was not obtained from the answer.
The assignment of errors has made several other questions, involving the correctness of opinions expressed by the court below, in giving and withholding instructions to the jury. But as those opinions were predicated upon á state1 of facts, which probably would have been materially altered, if tbe rejected evidence had been admitted, we have not thought it necessary, at this time, to examine their correctness.
The judgment must be reversed with costs, the cause remanded to the court below, and further proceedings, there had, not inconsistent with this opinion.