cox, et al. *vs.* cox.

### COX, et al. *versus* COX.

In an action against several copartners, on a copartnership debt, the notice authorised by the statute of 1807, providing for taking the depositions of a witness, about to leave the State, is good, if only served upon one partner.

Where a commission, to take the testimony of a non-resident witness, appeared to have regularly issued, the Court held it not error, that the witness, being temporarily within the State, was examined here, and his interrogatories taken by the commissioner.

The answer of a defendant, to a bill, filed for the discovery of testimony in aid of a trial at Common Law, may be used, by the plaintiff on that trial, or not, and if used, any other evidence consistent with the issue, is not thereby precluded.

Assumpsit, by defendant in error, in the Circuit Court of Madison ; and the plaintiff declared against the defendants, copartners in trade, for certain goods, wares, and merchandize, before the commencement of the suit, sold and delivered.　It appeared, from the writ, that it had been executed upon two of the partners, and returned *non est inventus*, as to one.

In support of his claim, the plaintiff offered the deposition of a witness, which had been taken, on

an affidavit, that he was about to leave the State : also, the answer of the defendants to a bill in Chancery, filed for the discovery of testimony; and the depositions of a non-resident witness, which it appeared had been executed while the witness had been on a temporary visit to the State.

After judgment in favor of the plaintiff, defendants took a writ of error here, and assigned as causes thereof,

1. That the notice issued to the defendants, on proceeding to take the testimony of the witness, (about leaving the State) had been served only upon one of the partners.

2. That the plaintiff having relied on the answer of the defendants in Chancery, was thereby precluded from introducing evidence *aliunde*, as to the answer, or the facts therein denied.

3. That the commission to take the testimony of the non-resident witness, had been executed within this State.

S. PARSONS, for Plaintiff in error—Cited *Aik. Dig.* 126—3 *Bibb's Rep.* 303—12 *Vesey*, 355—1 *Peters'* 367—*Johns. Ch. R.* 182—15 *Johns. R.*—1 *Peters'* 372.

HOPKINS, *contra.*—Cited *Gow on Part.* 312—*Chit. on Bills*, 37, 299—2 *Marshall's* R. 615—3 *Littell's* R. 250, 378—1 *Stewart*, 374.

By Mr. Justice HITCHCOCK :

This was an action of assumpsit, brought by the defendant in error against the plaintiffs in error, as partners, for goods sold and delivered. The writ was served upon H. and J. H. Lewis, and returned not found, as to Cox. The declaration is against them all : they all

pleaded jointly, non-assumpsit, &c. and a verdict and judgment were had against them in the Court below.

At the trial at bar, the deposition of William B. Scruggs was read by the plaintiff, to which exception was taken by the defendants, on the ground, that notice of the time and place of taking the same, was served only on one of the defendants, J. H. Lewis.

It appears that in the affidavit, upon which the commission for taking this deposition issued, the plaintiff stated that the witness was then about to leave the State for the benefit of his health, and that all the defendants except J. H. Lewis, were then absent from the State. The Judge directed a commission to issue to take the deposition of Scruggs, upon the plaintiff's giving J. H. Lewis five days notice of the time and place of taking the same, which was done, and the bill of exceptions shews, that Scruggs died soon after the deposition was taken, which was in February, 1829. The writ was returnable in October, 1828. The pleadings were made up at the return term, and it was admitted that the firm of the defendants below, was dissolved in 1826.

By our statute, the deposition of a witness, who is about to leave the State, may be taken by the Judge where the cause is pending, provided sufficient notice of the time and place of such application has been given to the opposite party—" or said Judge may order the Clerk of the Court to issue a commission to one or more persons to take the deposition of such witness, such notice being first given to the *adverse party*, of the time and place, when and where, such deposition is to be taken, as the Judge awarding the same, shall direct."

All depositions are taken *de bene esse*, and can not be read at all, if at the time of trial, the personal attendance of the witness can be had.    But to prevent a failure of justice, the statute has authorised depositions to be taken in certain specified cases, leaving it to the Judge to prescribe the notice which shall be given to the *adverse party*.    In this case, it appears, that the defendants were sued upon a partnership contract; that they had pleaded jointly ; that two of the defendants were out of the State, so that no notice could be served upon them ; and that the witness who was then about to leave the State, for the benefit of his health, died shortly after the deposition was taken.

Under these circumstances, we think the notice, as served, was sufficient. It being a partnership debt, the defence being joint, all were liable or none.    It was not like the case of an action founded in tort when judgment might be had against one or more, and when the defence might be separate, or when it might conflict one with the other.

The expression *adverse party* is a collective term, and does not necessarily imply a separate notice to each defendant ; and we may intend that notice to one is notice to all.    We think it analagous to our statute, which authorises service of a writ to be made upon one or more partners, and declares that, to be service upon all.    The dissolution of the firm before suit brought, does not vary the case.    The deefendants being originally, if at all, jointly liable, no subsequent arrangement between the partners ought to change the remedy of the plaintiffs.    In cases of protests of bills of exchange, notice to one partner, will bind all, though after dissolution.[a]

*15 Ves. 226. Gow, 312.*

After the reading of the above deposition, the plain-

cox, et al. *vs.* cox.

tiff read the separate answers of the defendants to a bill filed by the plaintiff during the pendency of the suit, for a discovery of testimony to aid him in the trial at law. In these answers, Cox admitted the facts charged in the bill. Hickman Lewis stated his ignorance of the facts; and John H. Lewis denied them. The answers were all read, without any objections on the part of the defendants.

The plaintiff then offered to read the depositions of D. J. Hines, and William H. Wilkinson taken after the answers had been filed, both of which were objected to, on the grounds,

1. That the deposition of Wilkinson, was taken within this State, though it was applied for on the ground that he were a *non resident*; and,

2. That the plaintiff having read, and relied upon the answers in Chancery, of the defendants, was thereby precluded from taking and relying upon testimony, on the points to which discovery was sought by the bill, and which was denied by the answers.

The Court overruled these objections, admitted the testimony, and instructed the jury, that they were " to take into consideration as well the depositions as the answers, in coming to a decision of the case."

As to the first objection, it is sufficient to remark, that it is immaterial where the deposition was taken: the witness being a resident of another State, entitled the plaintiff to the benefit of his testimony on interrogatories; and if the witness was temporarily here, and the requisites of the statute were complied with, in filing the interrogatories, and giving the defendant an opportunity to file cross interrogatories, the commissioner had the right to select his own time and place, where he would execute the commis_

68

sion, and could do it as well within this State, as out of it.

Nor is there any force in the second objection.

When a party files his bill for *discovery and relief*, and the ground of equity jurisdiction is predicated solely upon the necessity of going into Chancery for discovery; if that fails, the bill must be dismissed; no testimony *aliunde* being allowed purely in aid of the jurisdiction of the Court.[a]  But when a bill is filed for discovery of testimony, in aid of a trial at Common Law, the party may either use the answers, or not, as he chooses, and if used, it stands upon no other or higher grounds than other testimony, and any other evidence not inconsistent with the issue, may be introduced, whether it contradicts the answer or not, and the jury will weigh the whole evidence, as in other cases.[b]

The judgment must be affirmed.

Mr. Justice THORNTON, not sitting in this case.