Pee Cueiam.
The plaintiff in error brought this suit on a promissory note. The defendant denied the making of the note, under oath, and the plaintiff filed his bill of discovery, which the defendant answered, again denying the making of the note. The bill of discovery and answer were not used on the trial by the plaintiff, but he offered to prove by two witnesses, that Flowers had acknowledged the genuineness of the note, but the testimony was ruled out, as being inconsistent with the allegations in the bill of discovery. On an application for a new trial, it seems the plaintiff introduced affidavits showing that the testimony offered on the trial had been discovered since the filing of the bill of discovery. In ruling out this testimony we think the court erred. When the answer to a bill of discovery is used, it is evidence for or against the party using it; but the bill of discovery may be dismissed, and other evidence resorted to. If the party who prayed the discovery does not use the answer, it is not Ms evidence, and he cannot be concluded by it, but may introduce other evidence to establish the fact in reference to which discovery was sought. The rule has been ever held to be that, after a party has introduced an answer, he may disprove the allegations which are detrimental to his cause. Nourse v. Gregory, 3 Littell, 378, cited 3 Phil. Ev. 926, note 642. Whether the rule goes to this extent we need not now decide.
Judgment reversed and cause remanded.