# WILSON *vs.* MARIA.

21  359
116  389.

1. The answer of a party to interrogatories filed to him under the statute, stands upon precisely the same ground as an answer to a bill in chancery for a discovery; if the opposite party introduces them, he admits that the respondent is worthy of credit, and cannot impeach him.

2. But using the answer of a party does not make it conclusive evidence; it is to be treated like the testimony of any other witness, and is to prevail when it is not outweighed, in whole or in part, by other testimony; and, although a party will not be allowed to impeach the *general reputation* of his witness for truth, yet he will not be precluded from proving the truth of any *particular fact in direct contradiction* of what the witness may have testified; and this, not only when it appears that he was innocently mistaken, but even when the evidence may collaterally have the effect of showing that he was generally unworthy of belief.

3. In assumpsit on a lost note, defendant, in answer to interrogatories filed by plaintiff, admitted the execution of the note, and stated, that it was paid soon afterwards, and was then destroyed by plaintiff. Plaintiff read the answer at the trial, and then offered a witness to prove, that he had seen the note after the day on which it was alleged by defendant to have been destroyed. *Held:*

   That the evidence was admissible; and this, although plaintiff knew what his witness would testify, before he filed interrogatories to defendant.

ERROR to the Circuit Court of Mobile.

Tried before the Hon. L. GIBBONS.

JOHN A. CUTHBERT, for plaintiff in error:

1. The plaintiff does not make the defendant his witness, by filing interrogatories to him under the statute. He does not represent him as worthy of belief, but only hopes that, notwithstanding his interest, the truth may be extracted from him.

2. But even if defendant is to be regarded as plaintiff's witness, still the testimony of Moulton was improperly rejected. The rule is, that a party cannot impeach his own witness, by general testimony representing him as unworthy of belief. Without violating this rule, the party has a right to prove, by a second witness, a state of facts different from, and contradictory to the testimony of the first. Starkie's Evidence, Part 2, 147; 1 Phillips on Evidence 232; 5 Wend.

305; 4 Barn. & Adol. 193. Moulton was not asked a single question touching the character or general reputation of the defendant, but was only offered to prove a particular fact inconsistent with one of defendant's statements.

3. The second reason assigned for excluding Moulton's testimony, seems to be founded in the notion, that a party has no right to a discovery from his antagonist when he has any other proof. If this were correct, it might afford ground for refusing or withdrawing the discovery, but not for excluding the other evidence. But the position itself is incorrect; a party is entitled to a discovery, either because he has no other proof, or in aid of other proof. 2 Story's Equity 942; 2 Barb. Chan. Pr. 102.

PERCY WALKER, *contra:*

The statute providing for filing interrogatories to parties to an action at law, evidently contemplates those cases in which the facts inquired of can be proven by no other witness. This is apparent from the language of the statute itself, and that of the affidavit required by it. The party's answers to the interrogatories must control the case. There is no analogy between this proceeding and the answer to a bill in chancery. In the one case, the party makes his adversary a witness, and of course endorses him as such; in the other, he is not estopped by the answer.

The case falls under the general rule, that a party cannot impeach or discredit his own witness. Defendant was asked, what had become of the note; he answered, that it had been paid and destroyed. This answer was pertinent, was responsive to the interrogatory, and disposed of the case. The testimony of Moulton directly impeached this answer.

The bill of exceptions shows, that the plaintiff knew what Moulton would swear, before he filed the interrogatories; and if this be true, there was no warrant in the first instance for an appeal to the conscience of the defendant.

It is contended, that the witness was not offered to impeach the defendant, but to disprove a fact. This view is not sustained by the record. The allegation of the payment and destruction of the note is denied by the witness. What is the effect of this denial, but to discredit the defendant?

PHELAN, J.—This was a suit brought by Thomas Wilson against Joseph M. Maria, on a lost note.

Wilson filed interrogatories under the statute to the defendant, and offered the answers as evidence on the trial.

In answer to one of the interrogatories, Maria admitted that he had made the note set forth in plaintiff's declaration; and in answer to another stated, that he had paid it fifteen or twenty days after it was made to the plaintiff, at his own house, and that the plaintiff then destroyed it, remarking at the time "that all was square."

Plaintiff also introduced one Moulton as a witness, to prove "that the note was in existence at a period long after the time at which the defendant in his answer aforesaid stated that it had been paid and destroyed."

The defendant objected to such proof, on the ground that plaintiff had made the defendant his witness, and could not be allowed to discredit him; and, also, because, as appeared from the statement of the witness, plaintiff knew what he would depose to before interrogatories were submitted to the defendant. The court excluded the testimony of Moulton.

The answers of a party to interrogatories filed under the statute, stand upon the same ground as an answer in chancery to a bill for discovery. The language of the statute is, that they "shall be evidence at the trial of the cause in the same manner, and to the same purpose and extent, and upon the same condition in all respects, as if they had been procured upon a bill in chancery for discovery, but no further or otherwise." (Clay's Digest, 341, § 160.) It is at the option of the party, whether he will introduce the answer in chancery of the other party or not. If he does introduce it, he admits that it is worthy of credit. 2 Story's Eq. § 1528. The same rule must then prevail in respect to answers to interrogatories. The party who introduces them admits that the respondent is worthy of credit, and cannot impeach him.

But using the answer of the party does not make that conclusive evidence. It is to be treated like the testimony of any other witness, and is to prevail when it is not outweighed by other testimony, in whole or in part.

And although a party will not be allowed to impeach the general reputation of his witness for truth, yet he will not be

precluded from proving the truth of any particular fact in direct contradiction of what another of his witnesses may have testified; and this, not only when it appears that the former was innocently mistaken, but even where the evidence may collaterally have the effect of showing that he was generally unworthy of belief. 1 Greenleaf, § 443; 2 Phillips Ev. 447.

The testimony of Moulton was relevant to the issue. It went to prove the existence of the lost note, and gave a particular time at which the witness saw it. Suppose that plaintiff had introduced Moulton's testimony first, might not the defendant have objected with equal reason against the introduction of his own answers, upon the ground that it was an attempt upon the part of plaintiff to impeach Moulton's testimony? One fact to be proved by the plaintiff is, the existence at some time before suit brought of the note, which is the foundation of the action. Moulton testifies to its existence at a particular time. The defendant, in his answer, testifies that it had no existence at that time, or rather, that it had been destroyed before that time. Here is a direct contradiction between these witnesses as to the truth of a particular fact, but neither can be rejected on the ground that he will impeach the other. The jury will have to decide upon the weight of the proof, and whether they may impute the contradiction to mistake or fraud, on one side, or on the other, the testimony of both is competent, and should be received.

How the fact, that Wilson knew what Moulton would prove before he put interrogatories to the defendant, can add any force to the objection to admitting Moulton's testimony, I do not very readily comprehend. It seems to be predicated on the idea, that if he knew that Moulton would contradict the defendant in a certain particular, and then introduced the answers of the defendant, and afterwards the testimony of Moulton, that, therefore, it is to be conclusively held, that he intended to impeach the general credibility of the defendant, which he could not do as being his own witness.

This idea loses sight of the sound distinction, that a man may contradict his own witness, and that, too, although the incidental effect of such contradiction be to impair his credi-

bility, when he cannot directly impeach that credibility. In the one case, you assail directly the personal character of the witness; in the other, you assail directly only the correspondence of his statements with the real facts of the case. A witness may be honest, and yet not state the facts truly; and the jury must judge whether his deviation proceeds from mistake or fraud. If the former, they may take part of what he says, and reject part; if the latter, they must reject the whole.

The court erred in rejecting the testimony of Moulton. Let the judgment be reversed, and the cause remanded.