(78 South. 824)

SOVEREIGN CAMP, W. O. W., v. WARD.
(3 Div. 277.)

(Supreme Court of Alabama. April 18, 1918.)

1. APPEAL AND ERROR ⊙⇒544(2)—SCOPE.
    In the absence of bill of exceptions, the court on appeal can consider only assignments of error based on rulings shown by the record proper.
2. APPEAL AND ERROR ⊙⇒1032(1) — SCOPE — BURDEN OF SHOWING ERROR.
    Where the cause is tried on its merits, the burden is on the appellant to show probable prejudice in overruling his demurrers, failing which reversal is prohibited by rule 45 (175 Ala. xxi, 61 So. ix).
3. APPEAL AND ERROR ⊙⇒684(1)—RECORD—DISCOVERY.
    Where the record fails to show that defendant was required to answer certain interrogatories, the court on appeal need not determine whether such a requirement would have been proper.
4. DISCOVERY ⊙⇒67—SPECIAL INTERROGATORIES—DISCRETION.
    Whether a party shall "further answer" a special interrogatory is discretionary with the court.

Appeal from Circuit Court, Butler County; A. E. Gamble, Judge.

Action by Nettie B. Ward against the Sovereign Camp, Woodmen of the World. Judgment for plaintiff, and defendant appeals. Affirmed.

See, also, 196 Ala. 327, 71 So. 404; 200 Ala. 19, 75 So. 331.

C. H. Roquemore, of Montgomery, for appellant. Powell & Hamilton, of Greenville, for appellee.

SOMERVILLE, J. [1] There being no bill of exceptions in the record, we can consider only those assignments of error based upon rulings shown by the record proper. On a former appeal it was held that count 1 of the complaint was not subject to the demurrer. Sovereign Camp, W. O. W., v. Ward, 196 Ala. 327, 71 South. 404. Since then, counts 2 and 3 have been added to the complaint, to which demurrers were interposed and overruled.

[2] Whether this action of the trial court was erroneous or not, it is unnecessary to determine, since there is nothing in the record to show that, if erroneous, it was prejudicial to defendant. In such a case, the cause having been tried upon its merits, the burden

---

⊙⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

is on the appellant to show probable prejudice, failing which a reversal of the judgment is forbidden by practice rule 45 (61 South. ix [1]), as construed by this court in Henderson v. T. C. I. & R. R. Co., 190 Ala. 126, 67 South. 414, and other recent cases.

[3, 4] The record does not show that the trial court required defendant to answer the second set of statutory interrogatories filed by plaintiff, and we are therefore not called upon to determine whether such a requirement would have been proper or not. It appears from the minute entry that defendant was only required to further answer the fourth interrogatory propounded by plaintiff, which was clearly within the discretionary power of the court.

No prejudicial error appearing from the record, the judgment must be affirmed.

Affirmed.

ANDERSON, C. J., and MAYFIELD and THOMAS, JJ., concur.