(91 South. 876)

**Ex parte ELMORE COUNTY.** (5 Div. 805.)

(Supreme Court of Alabama. Dec. 22, 1921.)

**1. Discovery ⬙49—County must answer interrogatories of plaintiff in action against it.**

Under Code 1907, § 4049, providing that either party to a civil suit may file interrogatories to be propounded to him, and section 4052, providing that corporations must answer such interrogatories through officers cognizant of the facts, and section 123, providing that a county is a body corporate, with power to sue or be sued in any court of record, the county through its officers or agents may be compelled to answer interrogatories by an opposing party in a suit against the county.

**2. Discovery ⬙49—Code held not to require answer to interrogatories by county official or agent capable of binding county by admissions.**

Code 1907, § 4052, requiring a corporation to answer through its officers cognizant of the facts which constitute answers to interrogatories filed by its opponent in a suit according to section 4049, does not require that answers to interrogatories filed by the opposing party in a suit against a county should be answered by an officer, agent or servant qualified to bind the county by admissions.

Petition by the County of Elmore for mandamus to B. K. McMorris, as Circuit Judge, requiring him to strike certain interrogatories propounded to said county. Writ denied.

George F. Smoot, of Wetumpka, for appellant.

Mandamus is the proper remedy. 203 Ala. 347, 83 South. 71. Elmore county is a municipal corporation, and not subject to the statute providing in general terms for interrogatory to the adverse party. Sections 4049, 4052, Code 1907; Acts 1888–89, p. 121; 109 Mass. 212, 149 App. Div. 491, 134 N. Y. Supp. 50; 175 App. Div. 969, 161 N. Y. Supp. 1006; 54 Ala. 639, 25 Am. Rep. 730; 55 Ala. 534; 180 Ala. 639, 61 South. 963.

Hill, Hill, Whiting & Thomas, of Montgomery, and Holley & Milner, of Wetumpka, for appellee.

The writ should be denied. 71 Ala. 543; 138 Ala. 481, 35 South. 454; section 123, Code 1907; 204 Ala. 252, 85 South. 416; 180 Ala. 644, 61 South. 963; 195 Ala. 336, 70 South. 259; 123 Ala. 632, 26 South. 948; 119 Ala. 600, 24 South. 505; 88 Ala. 332, 6 South. 914.

SAYRE, J. [1] This is an application by the county of Elmore for the writ of mandamus to command the judge of the circuit court to strike certain interrogatories filed under the statute in a cause entitled Hodge Ogletree v. County of Elmore. No question is made concerning the propriety of the remedy sought. State ex rel. Smith, Attorney General, v. McCord, Circuit Judge, 203 Ala. 347, 83 South. 71.

The question presented is whether article 9 of chapter 84 of the Code of 1907, concerning the examination of parties by interrogatories, shall apply to causes in which a county of this state is the party defendant. The section most immediately in point is:

"4052. (1853) *Corporation Must Answer Through Officer Cognizant of the Facts.*—When the party to whom the interrogatories are addressed is a corporation, the answers thereto must be made by such officer, agent, or servant of the corporation as may be cognizant of the facts."

This language is comprehensive, and no reason is perceived why it should not be

held applicable to the case of a county when made a party defendant. Our main witness is section 123 of the Code, which long has held language as follows:

"123. (1397) (886) (815) (897) (763) *County a body corporate.*—Every county is a body corporate, with power to sue or be sued in any court of record."

Counties exercise such legislative, executive, and administrative powers as are, within constitutional limitations, conferred upon them, and are suable as corporations according to the provision of the statute just quoted. Askew v. Hale County, 54 Ala. 639, 25 Am. Rep. 730. In view of this competent legislative enactment it is beside the mark set by this case to say that counties do not have some of the attributes of business corporations, and so are commonly, perhaps, referred to as quasi corporations. They are suable for such wrongs as are alleged by the plaintiff in the declaration in Ogletree v. County of Elmore; they have officers whose duty it is to answer for them in such cases, and, if the statute means anything, they are parties defendant within the meaning of the first section of the chapter and article named, viz. section 4049, which authorizes either party to a civil suit, "desiring the testimony of the other party," to file interrogatories to be propounded to him, all which must have been within the contemplation of the Legislature when, February 27, 1889 (Acts, p. 121), it enacted the law which has been codified as section 4052 of the present Code. We are not advised of any sufficient reason why the prima facie import of the last-mentioned section should not prevail.

[2] There is no requirement that there should be an officer, agent, or servant qualified to bind the county by admissions, as the argument for petitioner seems to intend. The purpose of the proceeding is to get competent testimony—the testimony of witnesses cognizant of the facts—and, if there be no officer, agent, or servant cognizant of the facts, the county may at least produce a witness to that effect, and that will be the end of the matter.

Petitioner refers to cases adjudicated in Massachusetts and New York. The cases have been examined, and it has been found that, in the verbiage of the statutes there involved, there were ample grounds for the inference that the Legislatures of those states did not intend that they should apply to municipal corporations; such being the question under consideration.

The circuit judge ruled in agreement with these views, and the petition for mandamus must be denied.

Writ denied.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.