**THOMAS v. McARDLE. (4 Div. 979.)**

(Supreme Court of Alabama. May 18, 1922.)

**Appeal and error ⏀☞1032(1)—Reversal prohibited, in absence of bill of exceptions, where record discloses no prejudicial error.**

Where the appeal of a case tried on its merits is on the record proper, and the record dis-

closes no prejudice in the overruling of appellant's demurrers, which was the only assignment of error, reversal is prohibited, under rule 45 (175 Ala. xxi, 61 South. ix).

Sayre, J., dissenting.

Appeal from Circuit Court, Houston County; H. A. Pearce, Judge.

Action by C. S. McArdle, in trover and for destruction of lien, against Will Thomas. Judgment for plaintiff, and defendant appeals. Transferred from Court of Appeals under Acts 1911, p. 449, § 6. Affirmed.

Farmer, Merrill & Farmer, of Dothan, for appellant.

The complaint shows the mortgage was executed on January 1, 1919, on crops grown in the year 1919. Plaintiff therefore had no lien, unless he owned or had an interest in the land (Code, § 4894); and the count failing to allege such ownership or interest was defective. 1 Ala. App. 407, 56 South. 102. Counsel argue other questions, but without citation of authority.

R. C. Williams, of Dothan, for appellee.

Count 1, being in code form and good, will support the judgment, and overruling demurrer to count 3, if error, is without injury. Rule 45, 61 South. ix; 201 Ala. 446, 78 South. 824; 202 Ala. 422, 80 South. 806; 190 Ala. 126, 67 South. 414; 16 Ala. App. 571, 80 South. 145; 77 South. 56.

GARDNER, J. The only assignments of error upon this appeal relate to the action of the court in overruling the demurrers to count 3 of the complaint. The first count was in Code form in trover, and unobjectionable. The cause was tried upon its merits, resulting in a verdict for the plaintiff. The appeal is upon the record—there being no bill of exceptions.

The record does not disclose any charges, either given or refused, nor is the general charge of the court set out therein. Whether the action of the court in overruling the demurrer to count 3 was erroneous or not is unnecessary to be determined, since nothing appears in the record to disclose that, if erroneous, it was prejudicial to the defendant. The case of Sov. Camp, W. O. W., v. Ward, 201 Ala. 446, 78 South. 824 (applying under a similar situation rule 45 [61 South. ix [1]] as construed by previous decisions of this court), is upon this question directly in point, and decisive of this appeal adversely to the appellant. This authority was cited with approval in the more recent case of Black v. Sloss-Sheffield S. & I. Co., 202 Ala. 502, 80 South. 794.

The judgment is affirmed.

Affirmed.

All the Justices concur, except SAYRE, J., who dissents.