MARY H. SPALT, RESPONDENT, v. CORNELIUS EATON, APPELLANT.

DONALD SPALT, RESPONDENT. v. CORNELIUS EATON, APPELLANT.

Submitted October 29, 1937—Decided January 26, 1938.

For the appellant, *Alan Kraut.*

For the respondent, *Frank A. Boehler.*

PER CURIAM.

The female plaintiff was a passenger in a bus operated by defendant through his servant. She claimed to have sus-

tained personal injuries arising out of a fracas between the driver and a disorderly passenger and brought her suit in the District Court. Her husband brought his action also for damages *per quod* consisting of expenses paid for medical treatment and incidentals. The wife had a verdict and judgment for $500 and the husband a judgment for $100.14. Defendant appealed and the Supreme Court affirmed, *ubi supra*. The matter is presented on briefs and five points are argued. The brief for the appellant is noteworthy for its disregard of paragraph 5 of rule 40 of this court, particularly the requirement that "in all cases there shall be a reference to the page and line of the record where each error may be found."

The first error claimed is denial of defendant's motion for the exclusion of the testimony of plaintiff's physician on the ground that his name had not been given in the answers to certain interrogatories. This was correctly disposed of by the Supreme Court, page 328. This covers the first two points made in the brief.

The next point argued and numbered six in the brief, is the denial of motions for nonsuit in both cases; and point 8 is the denial of direction of a verdict for the defendant in both cases. We consider that both motions were properly denied and there was fairly a jury question as to whether the driver of the bus in taking the action he did showed a lack of proper care for the safety of passengers.

The case was tried by the court without a jury and, of course, the finding of fact by the court in that regard was tantamount to the finding of a jury.

The seventh point challenges the refusal of the court to strike out the answers to certain interrogatories which were received by consent in lieu of swearing the plaintiff Donald Spalt. These interrogatories and answers were offered by counsel for plaintiff in open court stating that counsel for the defendant consented that they go into evidence. They were accordingly received and marked *Exhibits P-1* and *P-2*, no objection being made. Then counsel for plaintiff undertook to read the interrogatories and answers. The other side

objected, but withdrew the objection, which he said had been made under the impression that other interrogatories were intended. The interrogatories and answers were then read without further objection and the case proceeded over a motion for nonsuit to a conclusion of the testimony, and a motion for direction of a verdict for the defendant, which was denied as already noted. The court then began to pronounce judgment but was interrupted by a motion which counsel for defendant said that he had started to make (although the transcript does not so indicate) to strike out the interrogatories and answers "on the ground that there is no proof of reasonableness of the charges." This is point 7 in the brief. It seems to be true that there was no direct proof; but this objection, if made at all, should have been made at the time the interrogatories were put in by consent. Defendant's attorney should have coupled with his consent a qualification that the expenses admittedly paid were reasonably necessary and reasonable in amount, and have asked that plaintiff's attorney be required to undertake to prove both these matters. But the consent as given was unqualified, and the fair interpretation to be put on it was that no question was to be raised in regard to the propriety or the reasonableness of the expenditures.

The ninth point simply charges general error. We find no error and the judgment is accordingly affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, PARKER, LLOYD, CASE, DONGES, PERSKIE, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, JJ. 12.

*For reversal*—None.