53 So.2d 378

## CITY OF PRICHARD v. HAWKINS.
### I Div. 372.

Supreme Court of Alabama.
May 10, 1951.

Rehearing Denied June 28, 1951.

Geo. E. Stone, Jr., and Thos. A. Johnston, III, Mobile, for appellant.

Caffey, Gallalee & Caffey, Mobile, for appellee.

LAWSON, Justice.

This is a suit by M. F. Hawkins, doing business as Davis Service Station, against the City of Prichard for refund of license money paid for the operation of a gasoline service or filling station, which was within the police jurisdiction of the City of Prichard but outside its corporate limits.

The suit is brought on the common counts and the amount claimed in the complaint is $2,520.90, with interest.

The theory of the right of recovery is that the ordinances exacting the payment of the license are unconstitutional and void, since they were in fact revenue measures. Under the provisions of the ordinances the so-called license tax was levied on the operator of the filling or service station.

Defendant, the City of Prichard, filed what is termed a plea in abatement wherein in various forms it is averred that plaintiff was not entitled to recover for the reason that the money was not paid by him, but by his customers, in that the ordinance "levied a license tax of one cent per gallon on all gasoline sold or delivered at drive-in gasoline filling stations in the Police Jurisdiction of defendant City; that such sums were paid by the plaintiff for and on behalf of the ultimate consumers of such gasoline and such sums were included in the retail price of such gasoline and charged to and collected from the said customers." Demurrers were interposed to this plea or pleas by the plaintiff, which demurrers were sustained.

Thereupon, the defendant filed special pleas averring in substance that the money paid by plaintiff to defendant and which plaintiff seeks to recover was paid by plaintiff voluntarily, without protest and with full knowledge of the law and facts. Plaintiff's demurrers to such pleas were sustained.

The case went to the jury on plaintiff's complaint, defendant's plea of the general issue and a special plea, numbered F, setting up that plaintiff could not recover because of the fact that his claim was not filed within two years from the time the payments were made or the amounts were due.

Plaintiff rested after introducing interrogatories and answers thereto propounded by plaintiff to the defendant, which interrogatories were answered by the mayor of the city, Mr. C. V. Dismukes. The only witnesses called by defendant were Mr. Dismukes and the plaintiff, Mr. Hawkins.

In its oral charge the trial court eliminated from the consideration of the jury payment made to the City in the sum of $81.11 on the ground that claim therefor had been filed too late.

The jury returned a verdict for the defendant. Plaintiff's motion for new trial having been overruled and denied, he appealed to this court. The opinion of this court rendered on that appeal is reported as Hawkins v. City of Prichard, 249 Ala. 234, 30 So.2d 659. In that case it was said:

"The principles of law controlling on this appeal have been fully settled in our cases beginning with the leading case of Van-Hook v. City of Selma, 70 Ala. 361, 45 Am.Rep. 85, and others may be cited as follows: City of Andalusia v. Fletcher, 240 Ala. 110, 198 So. 64; Alabama Power Co. v. City of Carbon Hill, 234 Ala. 489, 175 So. 289; City of Prichard v. Richardson, 245 Ala. 365, 17 So.2d 451; Alabama Gas Co. v. City of Montgomery, 249 Ala. 257, 30 So.2d 651.

"The effect of those cases simply stated is that cities are not authorized under the Constitution to levy a license tax on business located wholly within its police jurisdiction and outside the city limits for the purpose of raising general revenue either directly or indirectly; but in levying such an assessment, the amount must be so fixed as to reflect reasonable compensation for the expense of municipal supervision over the particular business or vocation at the place where it is licensed. Van-Hook v. City of Selma, supra." 249 Ala. 238, 30 So.2d 662.

Applying that principle to the facts presented in the record on appeal, we held, in effect, that the trial court erred in presenting to the jury the question of whether the ordinance was reasonable as applied to the plaintiff; that under the evidence the trial court should have found that the ordinance as applied to plaintiff was unreasonable and therefore void; that the trial court should have charged the jury affirmatively for plaintiff as requested, the requested charge being as follows:

"The Court charges the jury that the ordinance, under which the plaintiff made the payments which he sues to recover, was an ordinance purporting to impose a gasoline license tax on the operators of drive-in filling stations, and that the plaintiff is entitled to recover the amounts paid under such ordinance within two years from the beginning of proceedings by him to recover such payments, and that he is so entitled to recover regardless of whether or not he included in his sales price of

gasoline to his customers the amount of such tax." 249 Ala. 235, 30 So.2d 660.

After remandment, defendant filed pleas "BB" through "HH." These were pleas of set-off and recoupment. On motion of plaintiff these pleas were struck.

At the trial after remandment, the cause was submitted to the jury on the same pleadings as on the former trial. The evidence which was admitted was substantially the same as on the former trial. At the conclusion of the evidence, the trial court gave the general affirmative charge as requested by plaintiff. There was verdict and judgment for plaintiff. Defendant's motion for new trial having been overruled, it has appealed to this court.

■ The suit is authorized under the provisions of §§ 332–334, Title 51, Code 1940. Suit on the common counts is an appropriate remedy. Hawkins v. City of Prichard, 249 Ala. 234, 30 So.2d 659; City of Prichard v. Richardson, 245 Ala. 365, 17 So.2d 451. Recovery is not dependent upon payment having been made under compulsion or protest. § 332, Title 51, Code 1940; Hawkins v. City of Prichard, supra; L. W. Richardson & Co. v. Town of Hamilton, 248 Ala. 585, 28 So.2d 924, and cases cited.

Section 334, Title 51, Code 1940, reads as follows: "The provisions of the two preceding sections shall apply to all persons and corporations *who are justly and equitably entitled to have money erroneously paid for taxes refunded,* such payment having been made within two years preceding the commencement of any action, suit, or proceedings for its recovery, and no action or suit or other procedure can be maintained unless brought or commenced within two years after such payment is made." (Emphasis supplied.)

Counsel for appellant argue that the trial court erred in sustaining appellee's demurrer to the so-called plea in abatement, which it is asserted set up that the appellee was not justly and equitably entitled to have the money refunded for the reason that appellee had added to the price of gasoline sold his customers the so-called license tax levied by the ordinances under attack.

■■■ We think the trial court correctly sustained demurrer to this so-called plea in abatement. Irrespective of the underscored provision of § 334, Title 51, supra, recovery could not be had under the common counts unless the plaintiff was equitably entitled to have the money refunded to him, for a recovery under common count for money had and received can be had only when it is shown that the defendant was in possession of money belonging in equity and good conscience to the plaintiff, which he is entitled to receive. Chandler v. Wilder, 215 Ala. 209, 110 So. 306. So that under the plea of the general issue, plaintiff could not recover in this form of action unless he was in equity and good conscience entitled to the refund.

■ The so-called license tax levied by the ordinances here under attack, as before pointed out, was levied against the operator of the filling or service station. The fact that the operator of the service station passed the tax on to the customer would not in and of itself deprive him of the right to recover, in an action for money had and received, payments made by him under a void ordinance. Such is the effect of our holdings in City of Prichard v. Richardson, supra, and in the opinion rendered on the former appeal in this case, to which we adhere. Hawkins v. City of Prichard, supra.

■ Appellant insists that the trial court erred to a reversal in sustaining the motion of appellee to strike appellant's pleas of set-off and recoupment. This suit was filed on July 21, 1944. Service was had on defendant on the next day. The cause came on for trial on June 5, 1946. Judgment was rendered the following day and motion for new trial was denied September 12, 1946. We reversed the judgment of the trial court and remanded the cause on May 29, 1947. After remandment and on November 4, 1947, these pleas of set-off and recoupment were filed by defendant below, appellant here. On November 6, 1947, plaintiff, appellee here, filed his motion to strike such

pleas on the ground, among others, that they were filed too late. Plaintiff's motion to strike was sustained on November 6, 1947. In briefs filed here on behalf of both parties to this appeal, reference is made to a trial of this cause between November 6, 1947, and November 10, 1947, but we find no entry of record disclosing that such a trial was had. On November 10, 1947, evidently after a second trial, defendant refiled its pleas of set-off and recoupment. On December 4, 1948, plaintiff filed his motion to strike the pleas of set-off and recoupment as refiled. The motion to strike was granted on January 4, 1949.

The filing of the pleas of set-off and recoupment at this late stage of the case was a matter addressed to the sound judicial discretion of the court. In view of the long delay in filing the pleas, we cannot affirm that the discretion lodged with the trial court was abused. St. Louis, S. F. Ry. Co. v. Kimbrell, 226 Ala. 114, 145 So. 433, and cases there cited; Rasmus v. Schaffer, 230 Ala. 245, 160 So. 244. We hold, therefore, that reversible error is not made to appear in the action of the trial court in granting plaintiff's motion to strike defendant's pleas of set-off and recoupment.

██ The contention of appellant, the City of Prichard, defendant below, that since it is a municipal corporation it was not compelled to answer interrogatories and that, therefore, the trial court erred in admitting such answers in evidence, is without merit. In Ex parte Elmore County, 207 Ala. 68, 91 So. 876, the question was presented as to whether § 4052, Code 1907, § 480, Title 7, Code 1940, had application to causes in which a county is a party defendant. That section read: "When the party to whom the interrogatories are addressed is a corporation, the answer thereto must be made by such officer, agent, or servant of the corporation as may be cognizant of the facts." We held, in Ex parte Elmore County, supra: "This language is comprehensive, and no reason is perceived why it should not be held applicable to the case of a county when made a party defendant." The writer of the opinion in that case then proceeded to set out the reasons why such a conclusion was reached. The reasoning there set out seems to us to be as applicable to a city as to a county. However, where the State is plaintiff in a civil suit at law, the opposite party may not propound interrogatories to the State. State ex rel. Smith v. McCord, 203 Ala. 347, 83 So. 71. In a civil suit at law where the State is plaintiff, it cannot propound interrogatories to the defendant. Ex parte Loveman, Joseph & Loeb, 241 Ala. 379, 2 So.2d 446.

██ Interrogatory 100 propounded by plaintiff to defendant was as follows: "Please state whether or not the City of Prichard, during said period, claimed and asserted that the said M. F. Hawkins, doing business as Davis Service Station, was obligated to pay to the City of Prichard a license tax for or on account of his operation of such drive-in filling station, without the city limits of the City of Prichard. If so, please state whether or not there was paid to the City of Prichard as a license tax for the operation of said drive-in filling station each of the sums set out and specified in Exhibit A attached to the plaintiff's claim filed with the City of Prichard on or about the 17th day of June, 1944."

Mayor Dismukes, on behalf of the City of Prichard, answered interrogatory 100 as follows: "Yes, the plaintiff did pay, in the name of Davis Service Station, the amounts set forth in the plaintiff's claim as a gasoline license tax on the said drive-in filling station operated by him."

After the first trial had been had, in which the interrogatories and answers thereto were introduced in evidence, and after remandment by this court on appeal, the defendant, without leave of the trial court, on January 6, 1949, filed what is termed "Defendant's Supplementary Answer to Interrogatory 100." It reads:

"Now comes the defendant in the above entitled cause and files herewith the following supplementary answers to interrogatories heretofore propounded by plaintiff to defendant, namely:

"Interrogatory 100. Plaintiff having sworn under oath in open court upon a former trial of this cause on, to-wit, the 6 day

of November, 1947, that he did not pay to defendant any of the monies sought to be recovered by plaintiff from defendant in this suit, defendant states in answer to this interrogatory that the plaintiff did not pay to defendant any of the monies sought to be recovered by plaintiff from defendant in this suit."

Plaintiff's motion to strike this so-called supplementary answer was granted. It is insisted by appellant here, defendant below, that this action of the trial court constitutes reversible error. We cannot agree. Defendant in effect sought to amend his answer to interrogatory 100 long after the time had expired for answering. § 483, Title 7, Code 1940. Without dealing with the question as to whether or not the amendment should have been allowed if timely filed, it is sufficient to say that it was within the trial court's discretion as to whether or not the defendant could amend his answers after the expiration of sixty days from service of the interrogatory. Pool v. Harrison, 18 Ala. 514; Sovereign Camp, W. O. W., v. Ward, 201 Ala. 446, 78 So. 824; Investment Co. v. Trueman, 63 Fla. 184, 57 So. 663; City Deposit Bank of Columbus v. Green, 138 Iowa 156, 115 N.W. 893; Paulausky v. Polish Roman Catholic Union of America, 219 Ind. 441, 39 N.E.2d 440; Spinney v. Boston Elevated Ry. Co., 188 Mass. 30, 73 N. E. 1021. No abuse of discretion is shown.

As before pointed out, the evidence at the trial here under review, as it relates to the question of the validity of the ordinances as applied to the plaintiff, is in material respects the same as that on the first trial. The evidence on this point is set out in much detail in the opinion written on former appeal and need not be repeated here. We adhere to the conclusion reached on the former appeal that as to the plaintiff, appellee here, said ordinances are void. Hawkins v. City of Prichard, 249 Ala. 234, 30 So.2d 659.

But the mere fact that the ordinances are void as applied to plaintiff does not entitle him to recover in this action unless he has paid the so-called license tax to the City of Prichard in accordance with the provisions of such ordinances.

As shown above, the answer of Mayor Dismukes to interrogatory 100 shows that plaintiff did make such payments on behalf of the Davis Service Station.

On the trial here under review, the City called Mayor Dismukes as its witness and sought to show by him that his answer to interrogatory 100 was incorrect; that he had ascertained that such answer was incorrect by examining the books and records of the defendant City; that plaintiff had not paid the so-called license tax.

Counsel for plaintiff objected strenuously to such proof and his objections were sustained by the trial court. Defendant duly noted exceptions.

It appears the trial court acted on the theory that defendant was bound by the answers of Mayor Dismukes to the interrogatories propounded by plaintiff; that such answers were judicial admissions, conclusive on the answering party and could not be explained or contradicted.

No decision of this court upon this exact question has been cited and our research has disclosed none.

It is provided by statute that the answers to interrogatories propounded to an adverse party under the statute are not conclusive on the interrogating party and may be contradicted. § 484, Title 7, Code 1940. Such has been the statutory law since the Code of 1852.

Counsel for appellee, in support of the ruling of the trial court, assert that since the legislature has expressly provided that the answers are not conclusive on the interrogating party, who alone can introduce them, it necessarily follows that it was intended that such answers be conclusive on the answering party.

We cannot agree with this contention. We think the provisions of law now codified as § 484, Title 7, Code 1940, which first came into our statutory law as § 2335, Code of 1852, were enacted so as to perpetuate the rule enunciated in the case of Wilson v. Maria, 21 Ala. 359, which rule was based on certain provisions contained in an 1837 act, Clay's Digest 341, § 160, which were not carried into the Code of 1852.

In that case the court was dealing with the 1837 act which, according to our research, was the first statutory enactment providing for the propounding of interrogatories to the adverse party in aid of a suit. See Clay's Digest 341, § 160. The 1837 act contained no such provision as is now codified as § 484, Title 7, Code 1940. However, it did contain the provision that " * * * and the answers to such interrogatories being so given and filed, shall be evidence at the trial of the cause, in the same manner and to the same purpose and extent, and upon the same conditions, in all respects, as if they had been procured upon a bill in chancery for discovery, but no further, or otherwise; * * *" This provision was not brought forward into the Code of 1852. See §§ 2330–2336, Code of 1852. In Wilson v. Maria, supra, 21 Ala. at page 361, the plaintiff filed interrogatories under the 1837 act. Plaintiff sought to contradict the answer. The trial court refused. This court reversed, saying in part:

" * * * It is at the option of the party whether he will introduce the answer in chancery of the other party or not. If he does introduce it, he admits that it is worthy of credit. 2 Story's Eq. § 1528. The same rule of law would prevail in respect to answers to interrogatories. The party who introduces them admits that the respondent is worthy of credit, and cannot impeach him.

"But using the answer of the party does not make that conclusive evidence. It is to be treated like the testimony of any other witness, and is to prevail when it is not outweighed by other testimony, in whole or in part."

In other words, in Wilson v. Maria this court applied the same rule as applicable to an answer to a bill in chancery for discovery because of the express language of the 1837 act there under consideration. While the case of Wilson v. Maria makes no reference to the case of Cox v. Cox, 2 Port. 533, the holding in Wilson v. Maria is in accord with that of Cox v. Cox, supra, 2 Port. at page 538, where it was said: " * * * But when a bill is filed for discovery of testimony, in aid of a trial at Common Law, the party may either use the answers, or not, as he chooses, and if used, it stands upon no other or higher grounds than other testimony; and any other evidence not inconsistent with the issue, may be introduced, whether it contradicts the answer or not, and the jury will weigh the whole evidence, as in other cases * * *."

The question here presented has arisen in other states, under similar statutory provisions, and we have found no case which supports the ruling of the trial court.

In Smith v. Olsen, 92 Tex. 181, 46 S.W. 631, 632, the Supreme Court of Texas had before it the question as to whether or not the trial court erred in refusing to permit the answering party to explain and contradict his answers to interrogatories, which answers were introduced in evidence by the party propounding the interrogatories. It was held that the trial court erred to a reversal.

The statutory provisions there under consideration were as follows:

"Art. 2293. Either party to a suit may examine the opposing party as a witness, upon interrogatories filed in the cause, and shall have the same process to obtain his testimony as in the case of any other witness, and his examination shall be conducted and his testimony received in the same manner and according to the same rules which apply in the case of any other witness, subject to the provisions of the succeeding articles of this chapter.

"Art. 2296. The party interrogated may, in answer to questions propounded, state any matter connected with the cause and pertinent to the issue to be tried; and the adverse party may contradict the answers by any other competent testimony in the same manner as he might contradict the testimony of any other witness.

"Art. 2297. If the party interrogated refuses to answer, the officer executing the commission shall certify such refusal; and any interrogatory which the party refuses to answer, or which he answers evasively, shall be taken as confessed." 46 S.W. 632, Vernon's Ann.Civ.St. art. 3769.

We quote a part of the opinion in the case of Smith v. Olsen, supra:

" * * * It seems that the court proceeded upon the theory that the 'plaintiff was bound by the admissions made in his deposition. The right of a party to a suit to take the deposition of his adversary is statutory, and the effect of the deposition when taken must be determined by the statute. * * *

* * * * * *

" * * * Cases which have come to this court show that the procedure in question is frequently resorted to for the purpose of entrapping the opposite party into an unguarded admission; and it doubtless occurs in many instances that a party, in answering interrogatories, uses language against his own interest, which is capable of explanation, and which he ought to have the right to explain. Therefore, to make his answers conclusive would be to make the procedure a means of injustice, which would probably, in the long run, counteract the benefits which might be expected to follow from it. If the legislature had intended to preclude the party by his answers, we should gravely doubt the wisdom of the measure. But, in our opinion, such was not their purpose. The provision that the interrogatories are to be taken for confessed when the party refuses to answer is not at all inconsistent with the views here expressed. The purpose of that provision was merely to compel the party to answer by giving his adversary the benefit of an admission, upon his refusal to do so. It is a just requirement, and a most efficacious method of accomplishing the object in view. *Neither does the provision which permits the party taking the deposition to contradict the answers as those of any other witness militate against our construction.* * * * (Emphasis supplied.) 46 S.W. 632–633.

We recognize the fact that the Texas court puts some emphasis on the following excerpt from Art. 2293, heretofore quoted: " * * * and his examination shall be conducted and his testimony received in the same manner and according to the same rules which apply in the case of any other witness". We have no such provisions in our statute on the subject, but we think they are bound to be implied.

Other cases in accord with the holding in Smith v. Olsen, supra, are: Spalt v. Eaton, 118 N.J.L. 327, 192 A. 576; Spalt v. Eaton, 119 N.J.L. 343, 196 A. 736; Tighe v. Skillings, 297 Mass. 504, 9 N.E.2d 532; Hodges v. American National Ins. Co., Mo.App., 6 S.W.2d 72.

We hold that the trial court erred in refusing to permit defendant to have its witness Dismukes explain and contradict his answer to interrogatory 100.

The ruling of the trial court cannot be said to be error without injury, for if defendant had been permitted to prove that plaintiff had not paid the so-called license tax levied by the ordinances under attack, then a jury question would have been presented as to whether or not such payment had been made. It may be that all defendant could prove in this connection would be that plaintiff had not personally paid the tax, but that it had been paid by plaintiff to the wholesaler, who in turn had paid it to defendant. If this is the nature of defendant's proof on this point, it would not be sufficient to make a jury question. The plaintiff would be entitled to recover. However, we cannot assume that such is the proof which defendant could make. We are constrained, therefore, to hold that reversible error was committed by the trial court in refusing to permit defendant to explain and contradict his answer to interrogatory 100.

For the error pointed out, the judgment of the trial court is reversed and the cause is remanded.

Reversed and remanded.

LIVINGSTON, C. J., and FOSTER and STAKELY, JJ., concur.