(83 South. 71)

STATE ex rel. SMITH, Atty. Gen., v. McCORD, Circuit Judge. (3 Div. 412.)

(Supreme Court of Alabama. June 26, 1919. Rehearing Denied Oct. 23, 1919.)

1. DISCOVERY ⬌47—INTERROGATORIES; PROPOUNDED TO STATE.

Although Code 1907, § 4049, authorizes either party to a civil suit to propound interrogatories to the other party, such statute does not permit interrogatories to be propounded to the state.

2. STATUTES ⬌233—CONSTRUCTION.

As a general rule of statutory construction, without any express legislative declaration, general words in a statute do not apply to the state, nor affect its rights, unless an intention to the contrary appears.

3. PROHIBITION ⬌3(5) — LIES TO RESTRAIN PROPOUNDING OF INTERROGATORIES TO STATE.

Where trial court refused to strike interrogatories attempted to be propounded to the state under Code 1907, § 4055, the state was entitled to a writ of prohibition restraining the trial court from compelling it to answer such interrogatories; remedy by appeal not being entirely adequate.

4. PROHIBITION ⬌3(2) — ADEQUACY OF APPEAL.

Prohibition does not generally lie to restrain judicial action, when the petitioner has a complete and adequate remedy by appeal.

Petition by the State of Alabama, on the relation of J. Q. Smith, Attorney General, for writ of prohibition or other remedial writ directed to Hon. Leon McCord, as Judge of the Circuit Court of Montgomery County, requiring him to vacate an order overruling petitioner's motion to strike certain interrogatories propounded to the State of Alabama by the defendant in the case of State of Alabama v. Maryland Casualty Company. Rule nisi awarded, and writ granted.

Petition alleges: That December 31, 1918, the state of Alabama instituted in the circuit court of Montgomery county a suit against the Maryland Casualty Company to recover a certain sum of money, to wit, $5,000, growing out of the breach of a bond given April 25, 1914, by the Thoele-Philips Manufacturing Company, with the Maryland Casualty Company as surety, to secure the state of Alabama from loss growing out of the contract for the hire and use of convicts by the Thoele-Philips Manufacturing Company. That during and pending said suit interrogatories were filed to the state of Alabama as follows: (Here follows interrogatories asking for an itemized account from the time the contract was entered into until the time of the filing of the suit; copies of all correspondence between all parties covering the entire transaction; the names and addresses of all representatives of the state who con-

ducted any part of the business of the state relative to this demand; whether or not the state caused to be rendered to said company each month a full and complete statement of all transactions and the amount owing; and whether any notice was ever given the defendant that said company was in default under the terms of the contract and if so when said notice was given, etc.)

Whereupon, on April 21, 1919, a motion was filed in the circuit court by the state to quash or strike said interrogatories, first, because there is no law or rule of this court requiring the state of Alabama to answer said interrogatories; second, that whatever ·rule or laws apply to the answering of the interrogatory filed by one party in a cause to another do not apply to or permit the filing of interrogatories to the state. This motion was overruled, and the defendant is threatening to ask the court to enter a nonsuit in said court, in the event the interrogatories are not answered. It is further alleged sections 4049–4057, inclusive, Code 1907, are not applicable to the instance here, and were not intended to provide for the propounding of interrogatories to the state of Alabama, and that there is no provision of law whereby the state is required to answer, or may be penalized for a failure to answer, such interrogatories. The judge answered, admitting the allegations of the petition, except to say that he had not announced or made known or decided in his own mind just what decision he would make in the event the plaintiff therein failed or refused to answer any or all said interrogatories, and motion is made by the defendant below for action on that account. The judge also files certain demurrers to the petition, raising the questions decided.

J. Q. Smith, Atty. Gen., and Lawrence E. Brown, Asst. Atty. Gen., for appellant.

Ball & Beckwith, of Montgomery, for appellee.

ANDERSON, C. J. [1, 2] It is true that section 4049 of the Code of 1907 authorizes either party to a civil suit to propound interrogatories to the other party, but said statute does not specifically name or include the state, nor is it made applicable thereto by any other provision of the Code. As a general rule of statutory construction, without any express legislative declaration, general words in a statute do·not apply to the state, nor affect its rights, unless an intention to the contrary appears. Ex parte McDonald, 76 Ala. 603; State v. Allen, 71 Ala. 543; State ex rel. Lott v. Brewer, 64 Ala. 287. There is no express provision making this statute applicable to the state, nor can we say that there is a necessary implication that it was the intent of the lawmakers to make it apply, simply because the state was not specially excepted from the operation of same. On the other hand, section 3662 of the Code of 1907 recognizes this rule by a special reference to the state.

[3, 4] We are, of course, aware of the rule that prohibition does not generally lie to restrain judicial action, when the petitioner has a complete and adequate remedy by appeal; but we do not deem an appeal as entirely adequate in the instant case. The threatened erroneous ruling could, perhaps, be corrected, and the cause reversed upon appeal, as to a nonsuit or judgment by default; but the trial court can needlessly delay matters by a continuance of the case until the interrogatories are answered, and before rendering judgment by default or nonsuiting the state, if it failed to answer, and the state might answer the same after the trial court had ordered it to do so, in preference to being nonsuited. And while the order requiring the state to answer would be revisable upon appeal, the defendant would in the meantime have gotten the benefit of compelling the state to show its hand before the trial of the case upon its merits.

The trial court erred in not striking the interrogatories upon the motion of the state, and the writ of prohibition is hereby awarded, restraining the trial court ·from compelling the state to answer said interrogatories under any of the terms or penalties prescribed by section 4055 of the Code of 1907.

Writ awarded.

McCLELLAN, SAYRE, and GARDNER, JJ., concur.