2 So.2d 446

Ex parte LOVEMAN, JOSEPH & LOEB.

6 Div. 832.

Supreme Court of Alabama.

May 15, 1941.

Rehearing Denied June 5, 1941.

Leader, Hill & Tenenbaum, of Birmingham, for petitioner.

380

Thos. S. Lawson, Atty. Gen., and W. W. Callahan, Asst. Atty. Gen., for respondent.

BOULDIN, Justice.

"Either party to a civil suit, whether in a court of law, or in a court of equity * * * desiring the testimony of the other party, may file with the clerk or register interrogatories to be propounded to him, with an affidavit that the answers thereto will be material testimony for him in the cause." Code of 1923, § 7764, Code 1940, Tit. 7, § 477.

If pertinent interrogatories are not answered within the time prescribed, the court may "attach the party and cause him to answer fully in open court" or may "direct a nonsuit or judgment by default * * * to be entered" &c. Code of 1923, § 7770, Code 1940, Tit. 7, § 483.

The answers are evidence only when offered by the party taking them. Code of 1923, § 7768, Code 1940, Tit. 7, § 481.

In State ex rel. Smith, Atty. Gen., v. McCord, Circuit Judge, 203 Ala. 347, 83 So. 71, we held Section 7764, supra, did not authorize the propounding of interrogatories to the State, plaintiff in a civil suit at law.

The basic ground for such holding appears in that opinion and authorities cited. This course of construction preventing any infringement upon the prerogative right, title, or interest, of the State, or contravening a sound public policy, is defined in United States v. Knight, 14 Pet. 301, 312, 10 L.Ed. 465; Nardone v. United States, 302 U.S. 379, 383, 384, 58 S.Ct. 275, 82 L.Ed. 314; 59 C.J. 1103, 1104 [§ 653] 11.

Since the statute, § 7764, does not apply to the State, party plaintiff in a civil suit, does it apply to defendant in such suit? The statute is wholly remedial; is in the nature of a discovery at law; is cumulative in character. Without it, the State has all the remedies for the production of evidence on the trial of the civil suit open to the defendant. No prerogative of the State is involved. The public policy of this statute is mutuality of remedy throughout. It cannot be made to apply to one party and not to the other without emasculating it, striking down its express terms. Other statutes declare certain remedial provisions not applicable in civil suits by the State, but otherwise call for the same rules of procedure. For example, Code, § 5644, Code 1940, Tit. 7, § 72, provides:

"The state may sue in its own name, and is entitled to all remedies provided for the enforcement of rights between individuals, without giving bond or security or causing affidavit to be made, though the same may be required as if the action were between private citizens."

And Code, § 6518, Code 1940, Tit. 7, § 292, provides: "The state may sue in the circuit court in chancery or equity matters, and the suit is governed by the same rules as suits between individuals."

While the state may not be made a party defendant, the statutes provide that costs incurred in a civil suit wherein the state fails are a lawful claim against the state, when so adjudged. Code, §§ 7221, 6518, Code 1940, Tit. 11, § 65, Tit. 7, § 292. State v. Inman, 239 Ala. 348, 354, 195 So. 448.

But we need go no further than the statute, § 7764, here involved. Its clear legislative intent, as before stated, is that it covers only civil suits wherein its remedial provisions are available to either party.

It necessarily follows that, since it does not contemplate interrogatories to the state in civil suits by the state, it does not contemplate interrogatories to the defendant in such suits. Otherwise stated, civil suits by the state are not within the statute.

It follows the interrogatories filed by the state in the suit pending in the circuit court should have been stricken on motion of defendant.

 Mandamus is the proper remedy to vacate the order overruling such motion and requiring defendant to answer such interrogatories.

Unless the trial court shall so order upon advice of this opinion, mandamus will issue as prayed upon request of counsel for petitioner.

Mandamus granted.

GARDNER, C. J., and FOSTER and LIVINGSTON, JJ., concur.