7 So.2d 564

### Ex parte DARRING.

### 6 Div. 998.

Supreme Court of Alabama.

April 16, 1942.

Clifford Emond, of Birmingham, for respondent.

Wilkinson & Skinner, of Birmingham, for petitioner.

BOULDIN, Justice.

"The court or judge thereof, may, upon affidavit of their necessity and materiality, upon motion, compel, by order, either party to produce, at or before the trial, any book, paper, or document in his possession or power; the order may be made upon the application of either party, upon reasonable notice to the adverse party or his attorney. If not produced, parol evidence may be given of its contents." Code of 1940, Title 7, § 426.

Petitioner brought suit for a sum alleged to be due by account for produce, goods and chattels sold by plaintiff to defendant.

The defendant made application under the above statute, verified by affidavit, alleging: "That the Plaintiff has in her possession and under her control a statement of said alleged account and the original invoices allegedly constituting said account, which said invoices allegedly show the date of each purchase included in said account, the description of said purchase, the price therefor and to whom said merchandise or goods was delivered, which said invoices and other written documents are pertinent to the issues of this case;" and moved for an order requiring plaintiff to produce all such invoices, and other written documents evidencing the account, at a time and place fixed by the court, for inspection by defendant before the date of trial. On a hearing of the motion, after notice to plaintiff, the court entered an order, reciting that plaintiff admitted having possession of the statement of account and invoices referred to in the motion, and ordered plaintiff to produce such documents at a designated time and place for inspection by the defendant in the presence and under supervision of the court.

On the day designated, the parties being in court, the plaintiff, on advice of counsel, declined to produce the documents, on the ground that she was not subject to contempt proceedings to enforce such order, that the only penalty for refusal under the statute consists of the privilege of defendant to produce secondary evidence on the trial.

The court being of opinion that such refusal was cause for adjudging plaintiff in contempt, and all parties concurring in a desire for a construction of the statute by this court, it was ordered that plaintiff appear at a designated date to show cause why she should not be adjudged in contempt. It was contemplated that plaintiff, in the meantime, might invoke the ruling of this court.

Thereupon, the instant proceeding for writ of prohibition directed to Honorable J. Russell McElroy, as Presiding Judge, was begun; rule nisi was issued, answer filed, and cause submitted with supporting briefs on both sides.

We have several kindred statutes enlarging the powers of courts at law, as known at common law, designed to afford more adequate remedies, as well as more adequate relief at law.

Among them is Section 487, Title 7, Code of 1940, empowering the court, on motion and due notice, to require a party to the suit to produce books and documents containing evidence pertinent to the issue, etc.; and § 488, prescribing penalties for non-compliance with such order.

These statutes are to like effect, almost in the same language, as the Federal Statute, 28 U.S.C.A. § 636. This statute contemplates the production of documents on the trial. Carpenter v. Winn, 221 U.S. 533, 31 S.Ct. 683, 55 L.Ed. 842. Our own statute has been fully considered in connection with our statute touching subpoena duces tecum in Steverson v. W. C. Agee & Co., 14 Ala.App. 448, 70 So. 298, and Ex parte Hart, 240 Ala. 642, 200 So. 783.

Another statutory proceeding of long standing is a discovery at law by interrogatories, Code of 1940, Title 7, § 477 et seq. These statutes, many times construed, look to discovery in advance of trial, and fix alternate penalties for failure to answer pertinent questions. The party resorting to this procedure, has the option to offer or not to offer the answers in evidence. If he does offer them, all the pertinent and responsive answers become evidence.

Another statute of long standing is Section 216, Title 7, Code of 1940, found in Article Pleading, dispensing with the ancient rule of profert in pleading, and conferring a right of inspection of an instrument sued upon, or an instrument set up in defense, or a list of items, bill of particulars, if the suit is upon account. These must be furnished upon notice to the attorney of the opposite party. This statute is held remedial and liberally construed. Robinson's Adm'rs v. Allison, 36 Ala. 525. It is designed to avoid surprise and put parties upon equal footing in asserting their cause of action or defense.

Like statutory discovery on interrogatories, this statute looks to advance information. If the suit, or defense, be upon a written document, the advance information is by inspection.

The statute here involved first appeared as Section 7712, Code of 1923.

In our opinion it is supplementary to our existing statutes, especially Section 487, supra, looking to production of documents at the trial. "To produce, at or before the trial" is the language of the statute.

The court may "compel, by order" upon motion or application, and after notice and hearing; due process of law.

The power of a court to inflict summary punishment for contempt extends to "disobedience" of any "lawful * * * order." Title 13, § 2, Code of 1940.

"Every court has power: * * * To compel obedience to its * * * orders." Title 13, § 4, Code of 1940.

Thus the statute now for construction employs the apt words of the existing law for enforcement of lawful orders of the court. We cannot concur in the view that the last sentence, namely: "If not produced, parol evidence may be given of its contents," is intended as the sole penalty for violating such order. This sentence declares a well known rule of evidence available on reasonable notice to produce at the trial.

To construe it as an exclusive penalty for non-compliance with an order under this statute would be to render the statute meaningless. The entire proceeding, safeguarded by the statute, would become a useless waste of time and expense. The statute would thus be rendered contradictory on its face. "Compel, by order" would be stricken.

"If not produced, parol evidence may be given of its contents," in our thinking, is not to be viewed as a penalty at all for the violation of such order. It does not say if not produced, when ordered so to do, parol evidence may be given of its existence and contents. It is more inclusive. If for any reason the document is not produced at the trial as a result of such proceeding the right to produce secondary evidence on proper predicate is preserved.

The proceeding may be directed to producing the documents for inspection in advance as here. In such case, private book accounts are not to be impounded and the owner deprived of their use and control. See full and informing Annotation on such statutes, 41 Am.St.Rep. 388 et seq.

Again, questions may arise as to whether the party has fully complied with the order to produce at the trial. The concluding sentence preserves the right to introduce secondary evidence of the existence and contents of documents not produced.

Other contingency, not easily foreseen, may render it proper or necessary to revert to the common law rule of secondary evidence. It is entirely fitting that inspection be had under the supervision of the court. A fishing expedition through books of account, as well as a fishing expedition as the objective of the proceeding, are not to be tolerated. 20 Am.Juris. 772, 773, §§ 917, 918.

The statement of the account between these parties, and the invoices called for, admittedly within the control of plaintiff, were proper matter for an order for advance inspection.

Whether the statute be viewed as enlarging the jurisdiction of a court of law, in derogation of the common law, and to be strictly construed, or be viewed as a remedial statute to be liberally construed, we deem it unnecessary to decide. In any event, the legislative intent is to be given effect.

The court below has proceeded within his jurisdiction, and the writ of prohibition is denied.

Petition denied.

GARDNER, C. J., and FOSTER and LIVINGSTON, JJ., concur.