68 So.2d 541

### Ex parte STATE ex rel. GARRETT, Atty. Gen.

### 6 Div. 583.

Supreme Court of Alabama.

Nov. 19, 1953.

Lange, Simpson, Robinson & Somerville and Reid B. Barnes, Birmingham, for respondent.

Si Garrett, Atty. Gen., and H. Grady Tiller and Wm. H. Burton, Jr., Asst. Attys. Gen., for petitioner.

GOODWYN, Justice.

The state brought action against Baggett Transportation Co., Inc., in the circuit court of Jefferson County, for the recovery of tobacco taxes alleged to be due by said company under the Tobacco Sales Tax Act, Code 1940, Tit. 51, Sec. 718 et seq., as amended. The defendant filed a motion to have the state furnish a bill of particulars in accordance with Code 1940, Tit. 7, § 216. The state demurred to the motion, taking the point that the state, as the sovereign, is not subject to that statute, and further, that the state has already attached to its complaint, and made a part thereof, a list of the items composing the account which is the foundation of the suit. These demurrers were overruled, and an order was entered directing the plaintiff to prepare and file in the cause "a bill of particulars covering and showing what quantity of said tobacco products was sold by the defendant to what person, firm or corporation and on what date, in so far as the plaintiff has knowledge or information on the date when said bill of particulars is filed herein". The state then filed here its petition for a writ of mandamus to be directed to the Honorable Whit Windham, as judge of the circuit court of Jefferson County, commanding him to vacate and set aside his said order and to sustain the state's demurrers to defendant's motion and demand for a bill of particulars. The petition also contains an alternate prayer for a writ of prohibition. We issued a rule nisi as prayed for; and Judge Windham has made answer as required by said rule. The question now before us is whether a peremptory writ of mandamus should issue. For the reasons hereinafter given, our conclusion is that the writ should be denied; and it is so ordered.

Section 216, Tit. 7, supra, is as follows:

"No profert of a written instrument is required in pleading, but, at any time previous to the trial, the defendant may have inspection of the instrument sued on, or the plaintiff of the instrument set up as matter of defense, upon notice to the attorney of the opposite party; or when an account is the foundation of the suit, a list of the items composing it, and whenever the defendant pleads a set-off, the plaintiff may likewise have an inspection of the instrument relied on, or when an account is relied on as a set-off, a list of the items composing the account."

No point is made that the foundation of the suit is other than an account; it being recognized by the parties that the suit is based on an account within the terms of Sec. 216, supra.

The state's insistence is that there is no express provision in Sec. 216, supra, making it applicable to the state, and, therefore, the statute should not be held to apply to the state. Cited in support of this are State ex rel. Smith v. McCord, 203 Ala. 347, 348, 83 So. 71, and Ex parte Loveman, Joseph & Loeb, 241 Ala. 379, 380, 2 So.2d 446. But we do not consider those cases as controlling here. There we were dealing with the statute authorizing either party to a civil suit to propound interrogatories to the other party. Code 1940, Tit. 7, Sec. 477. The propounding of interrogatories is a discovery proceeding and is quite different from a requirement for furnishing a bill of particulars. The basic reasoning for the holding in the McCord case is thus stated in the opinion [203 Ala. 347, 83 So. 72]:

"As a general rule of statutory construction, without any express legislative declaration, general words in a statute do not apply to the state, nor affect its rights, unless an intention to the contrary appears. Ex parte McDonald, 76 Ala. 603; State [to Use of Montgomery County] v. Allen, 71 Ala. 543; State ex rel. Lott v. Brewer, 64 Ala. 287. There is no express provision making this statute applicable to the state, nor can we say that there is a

necessary implication that it was the intent of the lawmakers to make it apply, simply because the state was not specially excepted from the operation of same."

In Ex parte Loveman, Joseph & Loeb, supra [241 Ala. 379, 2 So.2d 447], we had this to say in speaking of Sec. 477, Tit. 7, supra:

> "The statute is wholly remedial; is in the nature of a discovery at law; is cumulative in character. Without it, the State has all the remedies for the production of evidence on the trial of the civil suit open to the defendant. No prerogative of the State is involved. The public policy of this statute is mutuality of remedy throughout. It cannot be made to apply to one party and not to the other without emasculating it, striking down its express terms."

We do not think that Sec. 216, supra, falls within the influence of either of the cited cases. Although the state is not mentioned in Sec. 216, and there is no express legislative declaration that this section applies to the state, it is our view, because of the very nature of a bill of particulars, especially when considered in connection with the right of the state to prosecute a civil action, carries with it a necessary implication that it was the intent of the lawmakers that it should apply to the state just the same as any other party.

A bill of particulars is not for the purpose of discovering evidence, nor to find out what a party knows, but what he claims. It is sought to amplify the pleading in order to limit the issues, while discovery is for the purpose of procuring evidence in order to prove one's cause of action. As stated in Gibbs-Hargrave Shoe Co. v. Peek, 212 Ala. 633, 635, 103 So. 672, the purpose of a bill of particulars "is to amplify the very general form of the common count, so as to reasonably inform the defendant of what he is called upon to defend." Also, in Wood & Pritchard v. McClure, 209 Ala. 523, 525, 96 So. 577, 579, it was held that, although a bill of particulars is not, strictly speaking, a part of the pleadings in a cause, it "has the effect of a pleading in that the proof is restricted by

it". In Morrisette v. Wood, 128 Ala. 505, 508, 30 So. 630, 631, it is said that:

> "The office of a bill of particulars is to amplify the pleading, and more minutely specify the claim or defense set up, and to prevent surprise on the trial by furnishing such information as a reasonable man would require respecting the matters against which he is called to defend."

We find no Alabama case holding, nor do we find any statute declaring, that the state is not subject to established rules of pleading and practice. Yet, is such omission from the statutes prescribing rules of pleading to be taken as conclusive of the legislative intent that such rules are not applicable to the state? That a state is subject to such rules is generally recognized. As stated in 49 Am.Jur., States, Territories, and Dependencies, § 83, p. 296:

> "In the absence of any special statutory provision to the contrary, the state, when bringing suit for the vindication of its rights, is subject to the general rules of practice and pleading which govern private litigants. The general rule that the state is not bound by a statute unless expressly named therein does not apply to acts of legislation which prescribe general rules of procedure in civil actions. Where the state becomes a suitor in any of its courts, it is as much bound by the rules of pleading and practice and the decisions and judgments of the courts as any other suitor."

In 81 C.J.S., States, § 227, page 1338, the principle is stated as follows:

> "If not otherwise provided by statute, the general rules of pleading apply in actions to which a state is a party."

We think the right of the state to sue carries with it, by necessary implication, amenableness to prescribed rules of pleading. In view of this, and since a bill of particulars is in the nature of a pleading, we can see no sound basis for declaring the state exempt from furnishing a bill of particulars as prescribed by Sec. 216, Tit. 7, supra. If the statute contained

a provision requiring that, in a suit on an account, "a list of the items composing it" should be set out in the complaint, would there be any question about the state being subject to this requirement? Clearly not. As we view it, the right to a bill of particulars, as given by the statute, being, as we have seen, for the purpose of "amplifying the pleadings", such right should not be denied a defendant in a suit on an account brought by the state.

In the resulting posture of the case, the one question remaining is whether the court's order directs the state to furnish more than "a list of the items" composing the account. The specific objection is that compliance with the order "will force the state to disclose the names of its proposed witnesses in this case and to reveal practically all of the evidence which the state proposes to introduce at the trial of said cause in the circuit court, and to otherwise give away the state's said case"; and further, that the order in effect gives to the defendant a right of discovery against the state. This is not a meritorious objection. It is to be noted that the order limits the bill to a showing of "what quantity of said tobacco products was *sold* by the defendant to what person, firm or corporation and on what date". The order further provides that the information given in the complaint is sufficient with respect to the storing and receiving of such products. If the state is to recover on the counts alleging sales, necessarily there must be proof that sales were made by the defendant. The selling of the tobacco products, then, is the foundation of the claims asserted in said counts. To constitute a "sale", there must be parties standing to each other in the relation of buyer and seller. Being so, the identity of the buyer, if known, is certainly relevant and material to the issue of whether a sale was made. We do not think it unreasonable to require the furnishing of the names of such known purchasers. An itemized bill showing merely that a stated quantity of tobacco products was sold on stated days would hardly give the complete picture of the sale. That the purchasers might be used by the state as witnesses to prove the sales is not reason enough for the state to withhold their names. As stated in 71 C.J.S., Pleading, § 388, page 816:

"the fact that a bill of particulars may disclose the pleader's evidence or the names of his witnesses is no objection to ordering it, if the opposite party is otherwise entitled to it, as where it may give definite information with respect to a material fact in issue."

From what we have said, it follows that the peremptory writ of mandamus is due to be denied. It is so ordered.

Writ denied.

LIVINGSTON, C. J., and SIMPSON and CLAYTON, JJ., concur.