261 So.2d 773

**In re STATE of Alabama**

**v.**

**COLONIAL REFRIGERATED TRANSPORTATION, INC., a Corporation.**

**Ex parte STATE of Alabama ex rel. ATTORNEY GENERAL.**

**6 Div. 87.**

Court of Civil Appeals of Alabama.

July 14, 1971.

Rehearing Denied Aug. 25, 1971.

William M. Acker, Jr., Birmingham, for respondents.

---

MacDonald Gallion, Atty. Gen., Willard W. Livingston, Asst. Atty. Gen., and Counsel, Dept. of Revenue, William H. Burton, Asst. Atty. Gen., and Asst. Counsel Dept. of Revenue, for petitioner.

BRADLEY, Judge.

This case, 6 Div. 87, and a companion case, 6 Div. 86, were consolidated in this court for argument; however, a separate opinion will be delivered in each case.

Both cases arose as a result of escape assessments being made by the Director of Revenue of Jefferson County against respondent, Colonial Refrigerated Transportation, Inc., hereinafter referred to as Colonial, for ad valorem taxes for the tax years 1966, 1967 and 1968 on certain motor vehicles owned by Colonial.

From the escape assessments Colonial appealed to the Circuit Court of Jefferson County.

After the appeal had been filed in said court, and on July 9, 1970, the State of Alabama, the plaintiff below, filed interrogatories in said court directed to Colonial.

Colonial on July 14, 1970 filed a motion to strike the interrogatories. After a hearing thereon, the trial court struck the interrogatories.

Thereupon the State petitioned this court for the issuance of the writ of mandamus to the judges of said trial court requiring them to vacate their order striking the interrogatories.

After hearing, we granted the rule nisi.

On September 29, 1970 the respondents filed their answer contending that the State had no right or authority to propound interrogatories to Colonial under the provisions of Title 7, Section 477, Code of Ala-

bama 1940, as Recompiled 1958, and that their order striking the interrogatories should be upheld and the rule nisi withdrawn and the writ of mandamus denied.

The issue for decision is whether or not the State is authorized by Section 477, supra, to propound interrogatories to Colonial.

Section 477, supra, provides as follows:

"Either party to a civil suit, in a court of law, and including proceedings on contest of answer of a garnishee, his agent or attorney, desiring the testimony of the other party, may file with the clerk interrogatories to be propounded to him, with an affidavit that the answers thereto will be material testimony for him in the cause."

In 1919 the Supreme Court, in the case of State ex rel. Smith v. McCord, 203 Ala. 347, 83 So. 71, decided that interrogatories could not be propounded to the State, and said:

"It is true that section 4049 of the Code of 1907 authorizes either party to a civil suit to propound interrogatories to the other party, but said statute does not specifically name or include the state, nor is it made applicable thereto by any other provision of the Code. As a general rule of statutory construction, without any express legislative declaration, general words in a statute do not apply to the state, nor affect its rights, unless an intention to the contrary appears. (Ex parte McDonald, 76 Ala. 603; State v. Allen, 71 Ala. 543; State ex rel. Lott v. Brewer, 64 Ala. 287. There is no express provision making this statute applicable to the state, nor can we say that there is a necessary implication that it was the intent of the lawmakers to make it apply, simply because the state was not specially excepted from the operation of same. * * *"

Then, in 1941 the Supreme Court, in the case of Ex parte Loveman, Joseph & Loeb, 241 Ala. 379, 2 So.2d 446, held that the State could not propound interrogatories to the other party in a case where it was involved, and said:

"Since the statute, § 7764, does not apply to the State, party plaintiff in a civil suit, does it apply to defendant in such suit? The statute is wholly remedial; is in the nature of a discovery at law; is cumulative in character. Without it, the State has all the remedies for the production of evidence on the trial of the civil suit open to the defendant. No prerogative of the State is involved. The public policy of this statute is mutuality of remedy throughout. It cannot be made to apply to one party and not to the other without emasculating it, strikdown its express terms. Other statutes declare certain remedial provisions not applicable in civil suits by the State, but otherwise call for the same rules of procedure.

\*　\*　\*　\*　\*　\*

"But we need go no further than the statute, § 7764, here involved. Its clear legislative intent, as before stated, is that it covers only civil suits wherein its remedial provisions are available to either party.

"It necessarily follows that, since it does not contemplate interrogatories to the state in civil suits by the State, it does not contemplate interrogatories to the defendant in such suits. Otherwise stated, civil suits by the state are not within the statute."

In 1951 the Supreme Court in City of Prichard v. Hawkins, 255 Ala. 676, 53 So. 2d 378, reiterated the rule established in *McCord* and *Loveman,* supra.

Colonial asserts that the rule promulgated in *McCord* and *Loveman,* supra, governs the decision of the case at bar, and for us to decide otherwise would be, in effect, overruling the two cited cases.

Colonial is correct in saying, in essence, that we cannot overrule decisions of the Supreme Court, because we are obliged to

follow them. Act No. 987, Acts of Alabama 1969, p. 1744.

However, the State says that although it recognizes the rule established in *McCord* and *Loveman*, it believes the rule to be unduly harsh and inequitable, and certainly archaic. The effect of such a rule is to deprive both the State and the other party of the necessary tools of discovery which would enable both to properly prepare and present their cases to a court.

The argument has merit, especially in view of the proposition that once the matter gets to a hearing, the State, as well as the other party, may subpoena the other party or its agents or representatives to testify in open court.

Such a circumstance would rationally lead one to ask why couldn't the State or the other party or both submit to and require from the other party written interrogatories and answers thereto to aid in the preparation of their case.

The State, in its argument, contends that the Supreme Court, in *McCord*, said that the State was exercising prerogative rights invested in a sovereign when it excluded itself from Section 477, supra. Yet, the Supreme Court came back in 22 years, in *Loveman*, and said that no prerogative rights of the sovereign were involved in Section 477, but merely mutuality of remedy. That is, what's sauce for the goose is sauce for the gander. If the State cannot be made to answer interrogatories, then it should not be authorized to require of the other party to the suit that it answer the State's interrogatories.

Well, such a result is reasonable and fair. If the State cannot use the normal tools of practice in preparing its case for trial, then the other party should not be able to use those same tools.

This approach no doubt satisfies the mutuality of remedy concept, but it strikes us as being detrimental to both sides so far as permitting them to properly prepare their cases for trial.

Furthermore, it appears to us that the rationale of the rule is at least inconsistent.

It has been held that the State is permitted to enter its own courts and sue for relief; yet the party against whom it is suing cannot sue it, by cross-bill or otherwise. State v. Mudd, 273 Ala. 579, 143 So. 2d 171; Ex parte State ex rel. Attorney General, 245 Ala. 193, 16 So.2d 187; State v. Inman, 239 Ala. 348, 195 So. 448; and Alabama Girls' Industrial School v. Reynolds, 143 Ala. 579, 42 So. 114. Certainly, no mutuality of remedy is accorded here.

But, to permit the State to come into its own courts with a bill of complaint and then say that it does not have available to it the normal tools of practice which are accorded to every other litigant, including corporations, is certainly inconsistent. Particularly is this true when we observe that the State can subpoena the other party and its representatives to testify at the trial of the case and vice versa. Also, the inconsistency is even more impressive when we re-examine the statute and see that the State is not specifically excluded from its application.

We think it not unusual to ask what is so disturbing about permitting the State and the other party to propound written interrogatories to each other? The culpability of such a procedure escapes us.

The following is found in 23 Am.Jur.2d, Depositions and Discovery, Section 156, p. 493:

"* * * it has been said that the state discovery system, like the federal system, is intended (1) to give greater assistance to the parties in ascertaining the truth and in checking and preventing perjury; (2) to provide an effective means of detecting and exposing false, fraudulent, and sham claims and offenses; (3) to make available, in a simple, convenient, and inexpensive way, facts which otherwise could not be proved except with great difficulty; (4) to educate the parties in advance of trial as

to the real value of their claims and offenses, thereby encouraging settlements; (5) to expedite litigation; (6) to safeguard against surprise; (7) to prevent delay; (8) to simplify and narrow the issues; and (9) to expedite and facilitate both preparation and trial."

It would appear that a procedural device, the use of which by one or both parties to a lawsuit would materially aid that party in narrowing the issues, safeguard against surprise, prevent delay and expedite the preparation and trial of the case, would be greatly desired by everyone.

So far as narrowing the issues is concerned, Alabama has accepted the idea that this is a sought-after concept, and has even required of the State that it furnish a bill of particulars when demanded by the other party.

In Ex parte State ex rel. Garrett, 260 Ala. 18, 68 So.2d 541, decided in 1953, the Supreme Court said:

"The state's insistence is that there is no express provision in Sec. 216, supra, making it applicable to the state, and, therefore, the statute should not be held to apply to the state. Cited in support of this are State ex rel. Smith v. McCord, 203 Ala. 347, 348, 83 So. 71 and Ex parte Loveman, Joseph & Loeb, 241 Ala. 379, 380, 2 So.2d 446. But we do not consider those cases as controlling here. There we were dealing with the statute authorizing either party to a civil suit to propound interrogatories to the other party. Code 1940, Tit. 7, Sec. 477. The propounding of interrogatories is a discovery proceeding and is quite different from a requirement for furnishing a bill of particulars.

\* \* \* \* \* \*

"\* \* \* Although the state is not mentioned in Sec. 216, and there is no express legislative declaration that this section applies to the state, it is our view, because of the very nature of a bill of particulars, especially when considered in connection with the right of

the state to prosecute a civil action, carries with it a necessary implication that it was the intent of the lawmakers that it should apply to the state just the same as any other party.

"A bill of particulars is not for the purpose of discovering evidence, nor to find out what a party knows, but what he claims. It is sought to amplify the pleading in order to limit the issues, while discovery is for the purpose of procuring evidence in order to prove one's cause of action. \* \* \*

\* \* \* \* \* \*

"We find no Alabama case holding, nor do we find any statute declaring, that the state is not subject to established rules of pleading and practice. Yet, is such omission from the statutes prescribing rules of pleading to be taken as conclusive of the legislative intent that such rules are not applicable to the state? That a state is subject to such rules is generally recognized. As stated in 49 Am.Jur., States, Territories, and Dependencies, § 83, p. 296:

"'In the absence of any special statutory provision to the contrary, the state, when bringing suit for the vindication of its rights, is subject to the general rules of practice and pleading which govern private litigants. The general rule that the state is not bound by a statute unless expressly named therein does not apply to acts of legislation which prescribe general rules of procedure in civil actions. Where the state becomes a suitor in any of its courts, it is as much bound by the rules of pleading and practice and the decisions and judgments of the courts as any other suitor.'

"In 81 C.J.S. States § 227, page 1338, the principle is stated as follows:

"'If not otherwise provided by statute, the general rules of pleading apply in actions to which a state is a party.'

"We think the right of the state to sue carries with it, by necessary implication,

amenableness to prescribed rules of pleading. * * *"

The controlling theme of *Garrett,* supra, is that there is a distinction between a bill of particulars, which is a pleading device, and written interrogatories, which is considered a fact-finding device.

This has to be the rationale of *Garrett,* because the Supreme Court said in that case that although the statutory language in "Sec. 216" (Title 7, Section 216, Code of Alabama 1940, as Recompiled 1958) did not specifically refer to the State, yet due to the nature of a bill of particulars, there was "a necessary implication that it was the intent of the lawmakers that it [Sec. 216, supra] should apply to the state just the same as any other party."

The Supreme Court went further in *Garrett,* and found that there was no Alabama statute saying, nor Alabama case holding, that the State was not subject to established rules of pleading and practice. To further cement its position, the Supreme Court cited with approval a statement from 49 Am.Jur., supra, to the effect that the State, absent express legislative intent that the State is not to be included, is to be treated as any other private litigant so far as pleading and practice are concerned.

We think the above statements made by the Supreme Court in support of its theory that the State should be required to submit a bill of particulars to be apropos; however, it would seem to us that these same principles of law would apply equally to the proposition that the State could be required to answer and be authorized to submit interrogatories.

The distinction relied on by the court in *Garrett,* as between bills of particulars and written interrogatories, strikes us as being grounded on quicksand.

And, the reason we conclude so is because of the nature and purpose of the two procedural tools in question.

In *Garrett,* it was said that a bill of particulars was for the purpose of discovering "claims" where as in 23 Am.Jur.2nd, supra, it is said that the use of interrogatories is for the purpose of discovering "evidence" to prove the "claims" made.

Both, we think, have the purpose of expediting the disposition of a controversy in a fair and timely manner.

Where these practice tools are used, the truth is established with less expenditure of judicial time and money than when they are not used—an end sought by all concerned with efficient judicial administration.

Why then the concerted effort to distinguish between a pleading tool and an evidentiary tool, when both are used to accomplish the same goal?

We think the distinction is one without a difference.

When the Supreme Court said in *Garrett,* that it could "find no Alabama case holding, nor do we find any statute declaring, that the state is not subject to established rules of pleading and practice," and that, since Section 216 did not expressly exclude the State from its application, it was to be treated as any other private litigant, the legal effect of this decision was to cut the heart out of *McCord* and leave it, as any other viable thing that has had its lifeblood cut off, shrivelled and barren, lifeless and extinct.

We also conclude that sans *McCord, Loveman* also loses its vitality and effect, and would not stand for the proposition for which it is being cited.

We therefore believe that *Garrett* had the effect of overruling *McCord,* and in turn, *Loveman.*

We further conclude that the premise upon which *Garrett* decides that the State can be required to furnish a bill of particulars, i. e., Section 216 does not expressly exclude the State from its application, applies equally to requiring the State to answer, and authorizing the State to submit, written interrogatories to the other party.

Hence, we find that the trial court erred in striking the State's written interrogatories filed with the court clerk for submission to the other party to the controversy. For that error, the writ of mandamus will issue directing respondents to set aside their order striking the interrogatories filed by the State and enter an order requiring Colonial to answer said interrogatories insofar as it is able so to do.

Writ granted.

*On Rehearing*

BRADLEY, Judge.

Petitioner, in its application for rehearing, takes issue with our conclusion that *Garrett,* supra, had the effect of overruling *McCord,* supra, and *Loveman,* supra.

The premise upon which *McCord* and *Loveman* were decided was that since the statute, i. e., Section 477, supra, did not specifically include the State, then the State was not to be allowed the benefits of its provisions.

Whereas, *Garrett,* expressly stated that even though Section 216, supra, did not specifically include the State, yet it was the intention of the Legislature to have the State included in its provisions because the State can be a plaintiff in civil actions.

The applicable terms of Sections 477 and 216 are rather general in that they refer to "either party to a civil suit," and to "defendant" and "plaintiff," but neither one by its terms, attempts to define who can be a party or a plaintiff or a defendant.

As we have seen, the State can be a "plaintiff" and by that fact can also come within the purview of the provision "either party to a civil suit;" yet in one case— and the older one—the Supreme Court says because the State is not specifically named in the statute, it cannot be said to come within its terms, but in a later case—much later—the Supreme Court says that even though the State is not specifically included in its provisions, nevertheless, it is so included by implication because the State can be a plaintiff in a civil action.

Well, the State could be and was the plaintiff in many civil cases during the times of *McCord* and *Loveman,* but the Supreme Court did not say then that the State was included in Section 477 by implication.

And that is the very reason why we concluded that *Garrett* had, in effect, overruled *McCord* and *Loveman,* because of this change of attitude toward the status of the State insofar as Sections 216 and 477 were concerned.

Then petitioner says, but the Supreme Court made it clear in *Garrett* that the change in attitude as to the status of State in practice and procedure matters applied only to pleading problems and not to evidence matters, and has said that a bill of particulars aids in narrowing the issues and succinctly informing the defendant of what he is going to be called on to defend.

But, the Supreme Court also has said that the purpose of Section 216 is to prevent surprise, Boaz Bank v. Nailer, 213 Ala. 314, 104 So. 793, and because it is remedial in nature should be liberally construed. Ex parte Darring, 242 Ala. 621, 7 So.2d 564.

And, in *Darring,* supra, the Supreme Court stated:

"Like statutory discovery on interrogatories, this statute (speaking of Title 7, Section 216, Code of Alabama 1940, as Recompiled 1958, previously referred to in the opinion) looks to advance information."

**58**

The Supreme Court in *Darring,* supra, does not appear to be making any distinction between pleading and evidence tools, but, in fact seems to be lumping them together for the purpose of enumerating the various procedural tools that are available to a party litigant.

As we said in the original opinion, the purpose of discovery tools is to prevent surprise at the trial, educate the parties in advance of trial as to the real value of their claims; to simplify and narrow the issues, and to give greater assistance to the parties in ascertaining the truth.

A procedural tool, whether it be mainly concerned with pleading or whether it be concerned with gathering evidence for use at the trial, is for the purpose of simplifying the issues, preventing surprise, ascertaining the truth, preventing fraud and sham, and eliminating delay in the trial.

In the procedural realm we fail to appreciate the distinction—and we do not think there is any real distinction—between a procedural pleading tool and a procedural evidentiary gathering tool. We say this because of the purposes of procedural tools alluded to above.

We do agree with the statement in *Garrett* to the effect that when the State enters its own courts as a suitor, it then becomes bound by the rules of procedure just as much so as any other suitor, and we think it necessary in order to give effect to this observation, that the State be permitted to use the discovery tools of procedure as well as being required to abide by the pleading tools of procedure. We think *Garrett,* in effect, did just this.

Opinion extended.

Application for rehearing overruled.