State of Alabama v. Colonial Refrigerated Transportation, Inc., a Corporation), 48 Ala.App. 46, 261 So.2d 767.

261 So.2d 779

**Ex parte COLONIAL REFRIGERATED TRANSPORTATION, INC., a Corporation, et al.**

**In re ex parte STATE of Alabama—Petition for Writ of Mandamus to Hon. Whit Windham and Hon. Thomas E. Huey, Jr., as Judges of the Circuit Court for the Tenth Judicial Circuit of Alabama.**

**6 Div. 906.**

Supreme Court of Alabama.

March 9, 1972.

Rehearing Denied May 1, 1972.

For opinion denying mandamus, see 288 Ala. 438, 261 So.2d 782.

William M. Acker, Jr., Birmingham, for petitioners.

William J. Baxley, Atty. Gen., Willard W. Livingston, Counsel, Dept. of Revenue, and Asst. Atty. Gen., William H. Burton, Asst. Counsel, Dept. of Revenue, and Asst. Atty. Gen., opposed.

LAWSON, Justice.

We granted the petition for writ of certiorari filed by Colonial Refrigerated Transportation, Inc., a corporation, Hon.

Thomas E. Huey, Jr., and Hon. Whit Windham, Judges of the Circuit Court for the Tenth Judicial Circuit of Alabama, to review the decision and judgment of the Court of Civil Appeals in the case of Ex parte State of Alabama ex rel. Attorney General (In re State of Alabama v. Colonial Refrigerated Transportation, Inc., a Corporation), 48 Ala.App. 51, 261 So.2d 773.

The writ was duly issued and the cause was submitted here on December 7, 1971, upon the transcript, briefs and oral argument.—Supreme Court Rule 39, as amended.

The Court of Civil Appeals held, in effect, that the State of Alabama, under the provisions of § 477, Title 7, Code of 1940, can propound interrogatories to the other party in a civil suit at law.

That holding is in direct conflict with the holding of this court in Ex parte Loveman, Joseph & Loeb, 241 Ala. 379, 2 So.2d 446, which has not been overruled by this court. See City of Prichard v. Hawkins, 255 Ala. 676, 53 So.2d 378; Ex parte State ex rel. Garrett, 260 Ala. 18, 68 So.2d 541; Louisville & N. R. R. Co. v. State, 276 Ala. 99, 159 So.2d 458.

In Ex parte State ex rel. Garrett, *supra*, we did not depart from our holding in Ex parte Loveman, Joseph & Loeb, *supra*, or from the holding in State ex rel. Smith v. McCord, 203 Ala. 347, 83 So. 71, upon which the conclusion in Ex parte Loveman, Joseph & Loeb, *supra*, was grounded. In Ex parte State ex rel. Garrett, *supra*, we said of the two cases last cited: "We do not consider those cases as controlling here." In other words, those cases were distinguished.

The Court of Civil Appeals recognizes that this court did make that distinction, but proceeds to say: "The distinction relied on by the court in *Garrett*, as between bills of particulars and written interrogatories, strikes us as being grounded on quicksand." In its opinion the Court of Civil Appeals further observed: "We . . . believe that *Garrett* had the effect of overruling *McCord*, and in turn, *Loveman*."

We entertain the view that the distinction made in Ex parte State ex rel. Garrett, *supra*, is a valid one and, as indicated above, we have not overruled the holdings in Ex parte Loveman, Joseph & Loeb, *supra*, or State ex rel. Smith v. McCord, *supra*.

Since Garrett was decided, we have cited the cases last mentioned with approval. See Louisville & N. R. R. Co. v. State, 276 Ala. 99, 159 So.2d 548.

It is provided in § 10, Act 987, approved September 12, 1969, Acts of Alabama 1969-70, Vol. II, p. 1744, as follows:

"Section 10. The decisions of the supreme court shall govern the holdings and decisions of the courts of appeals, and the decisions and proceedings of such courts of appeals shall be subject to the general superintendence and control of the supreme court as provided by section 140 of the Constitution of the state."

The provisions just quoted are carried in the 1969 Cumulative Pocket Part to Vol. 4 of the 1958 Recompiled Code of Alabama as § 111(10), Title 13.

We conclude that the judgment of the Court of Civil Appeals must be reversed.

The judgment of the Court of Civil Appeals is reversed and the cause is remanded to that court.

Reversed and remanded.

MERRILL, COLEMAN, HARWOOD, BLOODWORTH and McCALL, JJ., concur.

HEFLIN, C. J., concurs specially.

MADDOX, J., dissents.

HEFLIN, Chief Justice (concurring specially):

Under the decision of this case and Ex parte Loveman, Joseph & Loeb, 241 Ala.

379, 2 So.2d 446, the benefit of discovery is deprived to the parties in litigation in which the State is a party. I agree with the Court of Civil Appeals that this is not desirable.

Recently, the Legislature conferred broad rule-making power on the Supreme Court through Act No. 1311, Acts of Alabama 1971, approved September 17, 1971, for the purpose of simplifying practice and procedure in all civil actions in all courts in Alabama, and securing the just, speedy and inexpensive determination of every action upon its merit. For the purpose in aiding and assisting this Court in formulating new civil rules of practice and procedure (to be known as Alabama Rules of Civil Procedure) an advisory committee· has been appointed. This committee is presently working on this task. Hopefully, the new Alabama Rules of Civil Procedure will contain provisions which will allow the use of discovery in cases such as the one now under review. Pending the opportunity to adopt such a new system of rules in an orderly fashion following the receipt of recommendations from such an advisory committee, I feel I must follow the prior decisions of this Court. Therefore, I concur in this opinion.

MADDOX, Justice (dissenting).

Like the Court of Civil Appeals, I am unable to see the distinction between requiring the State to give a Bill of Particulars (Ex parte State ex rel. Garrett, 260 Ala. 18, 68 So. 2d 541) .and yet refusing to allow the State to be interrogated on interrogatories, (State ex rel. Smith v. McCord, 203 Ala. 347, 83 So. 71) or to interrogate (Ex parte Loveman, Joseph & Loeb, 241 Ala. 379, 2 So.2d 446).

Both *McCord* and *Garrett* were cases of statutory construction to determine legislative intent. *McCord* said the word "party" in § 4049 of the Code of 1907, (now Title 7, § 477, Code, 1940) did not include the State. *Garrett* said the word "plaintiff" in Title 7, § 216, Code, 1940 did include the State, even though *McCord* specifically held that "as a general rule of statutory construction, without any express legislative declaration, general words in a statute do not apply to the state, nor affect its rights, unless an intention to the contrary appears." This Court found the Legislature intended to include the State in one statute and that the Legislature did not intend to include the State in the other. In *Garrett*, this Court said there is a distinction. I personally fail to see it. But, assuming there is a distinction, I would nevertheless affirm the Court of Civil Appeals, because I can distinguish this case from *McCord, Garrett* and L & N R. R. v. State, 276 Ala. 99, 159 So.2d 458.

Here, Colonial took an appeal from an escape assessment under the provisions of Act No. 236, Acts of Alabama, 1953, Regular Session, p. 301, carried in Title 51, Section 53, Code of Alabama, 1940, Recompiled, 1958, which provides, in part, as follows:

> ". . . The property owner if he has filed objection to such assessment, may appeal from the assessment to the circuit court of the county in which the property is located within thirty days after such assessment becomes final, by giving notice in writing to the tax assessor and by filing a copy of such notice with the clerk of the circuit court and giving bond to be approved by and filed with the clerk of the circuit court to cover costs *and thereafter such case shall be tried as other tax cases appealed to the circuit court from the board of equalization.* The tax payer or the state shall have the right to demand a trial by jury by filing a written demand therefor, within ten days after the appeal is taken." [Emphasis added.]

Under Title 51, Section 110, Code of Alabama, 1940, Recompiled, 1958, (the section which governs appeals from boards of equalization) it is provided:

". . . The circuit court shall so far as practicable hear such appeals *according to the general rules and procedure of courts* . . .." [Emphasis added.]

In such appeals as are taken under the above procedure, the *State* is a party. The Legislature obviously knew that the State would be a party. When the Legislature provided that appeals in escape assessment cases should be tried according to the *"rules and procedure of courts,"* it did not intend, in my judgment, that a taxpayer should be allowed to prevent discovery. Discovery is one of the recognized *procedures* of courts, and I think the Legislature intended that it should be available to both the State and the taxpayer. I realize I rest my dissent upon a slender reed, but I believe my reasoning is correct.

I feel that procedure, which has been called the handmaid of justice, has been dealt a slight misfortune today, but that it is not catastrophic. As this Court said in Ex parte Loveman, Joseph & Loeb, "the State has all the remedies for the production of evidence on the trial of the civil suit open to the defendant." To prevent discovery and to force the State to call witnesses and to subpoena documents at the trial, the taxpayer will prevent, in my opinion, the speedy and inexpensive determination of the issues which are disputed between the State and the taxpayer. But that is just my opinion.

When this Court adopts Rules of Procedure as authorized by Act No. 1311, Acts of Alabama, Regular Session, 1971, we can take action to correct what I feel, and I think probably a majority of the Court feels, is a bad rule. Maybe I should have been content to await the day, when the rules are adopted, but the escape assessment statutes seem so clearly to indicate that both the State and the taxpayer are bound to try the case on appeal as everybody else, I must dissent now.