261 So.2d 782

**Ex parte Honorable Whit WINDHAM et al.**

**In re ex parte STATE of Alabama—Petition for Writ of Mandamus to Honorable Whit Windham and Honorable Thomas E. Huey, Jr., as Judges of the Circuit Court for the Tenth Judicial Circuit of Alabama.**

**6 Div. 906–A.**

Supreme Court of Alabama

March 9, 1972.

For opinion reversing judgment of Court of Civil Appeals and remanding cause, see 288 Ala. 434, 261 So.2d 779.

William M. Acker, Jr., Birmingham, for petitioners.

LAWSON, Justice.

The petitioners in Ex parte Colonial Refrigerated Transportation, Inc., a Corporation, 288 Ala. 434, 261 So.2d 779, this day decided, filed concurrently with the filing of their petition for writ of certiorari a petition for alternative writ of mandamus to be directed to the Judges of the Court

of Civil Appeals "ordering or commanding them forthwith to set aside and vacate their order of, to-wit, July 14, 1971, [48 Ala.App. 51, 261 So.2d 773] as extended on, to-wit, August 25, 1971, or upon failing so to do, to appear at a time to be designated by your Honors and to show cause why they should not do so."

The thrust of the petition for the alternative writ of mandamus is that the Court of Civil Appeals was without jurisdiction to entertain the petition for mandamus filed in that court by the State of Alabama because "none of the criteria of Title 13, § 111(3) of the Code of Alabama of 1940, as amended, are present [§ 3 of Act 987, approved September 12, 1969, Acts of Alabama 1969–70, Vol. II, p. 1744, the provisions of which are carried in the 1969 Cumulative Pocket Part to Vol. 4 of the 1958 Recompiled Code of Alabama as § 111(3), Title 13]."

We do not agree with the contention made by petitioners. Section 3 of Act 987, *supra*, gives to the Court of Civil Appeals exclusive appellate jurisdiction of ". . . all appeals from administrative agencies other than the Alabama public service commission, . . ." and gives to that court jurisdiction of extraordinary writs arising from an appeal from an administrative agency. The Circuit Court of Jefferson County had the case on appeal from an administrative agency and consequently the ruling of the Circuit Court was reviewable by the Court of Civil Appeals under the provisions of § 3 of Act 987.

The petition for alternative writ of mandamus is denied.

Writ denied.

HEFLIN, C. J., and MERRILL, COLEMAN, HARWOOD, BLOODWORTH, MADDOX and McCALL, JJ., concur.