682 So.2d 65 (1996)
Ex parte WAL-MART STORES, INC.
(Re Elizabeth THOMPSON v. WAL-MART STORES, INC., et al.).
1951128.
Supreme Court of Alabama.
July 26, 1996.
*66 Bradley R. Byrne, K.W. Michael Chambers and R. Scott Hetrick of McRight, Jackson, Dorman, Myrick & Moore, L.L.C., Mobile, for Petitioner.
Lamar C. Johnson of Gilmore Law Office, Grove Hill, and J. Pery Newton of Utsey, Christopher & Newton, Butler, for Respondent.
Matthew C. McDonald of Miller, Hamilton, Snider & Odom, Mobile, for Amicus Curiae Alabama Retail Association.
KENNEDY, Justice.
Wal-Mart Stores, Inc., petitions this Court for a writ of mandamus directing the trial court to modify its discovery orders, so as to protect Wal-Mart from having to produce accident and incident reports from all 86 Wal-Mart stores in Alabama for the five years preceding July 27, 1995, the date of the request.
The plaintiff, Elizabeth Thompson, was shopping at the Wal-Mart store in Thomasville on June 26, 1993, when a footlocker fell from an upper shelf and hit her on the head. She was injured and taken to a hospital, where she had X-rays and received stitches. She sued Wal-Mart on theories of negligence and wantonness.
On July 27, 1995, Thompson filed numerous discovery requests including a request for all accident and incident reports from all Wal-Mart stores in Alabama for the past five years. In response, Wal-Mart stated that the request was unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.
The trial court entered an order on August 9, 1995, compelling production of the requested documents. The court stated in its order that if Wal-Mart could prove that production would be unduly burdensome, then it could return to court and inform the court of the problem and the court would reconsider its order. Wal-Mart produced only those accident reports compiled and maintained at the Thomasville store and made a further argument that total compliance with the trial court's order would be unduly burdensome and would not lead to the discovery of admissible evidence. Wal-Mart asked the trial court to modify its order so as to require production of only the Thomasville store reports.
January 25, 1996, the court again ordered Wal-Mart to produce the accident reports for all its Alabama stores. In response to this second order, Wal-Mart again filed a motion asking the court to reconsider that discovery order. It was denied.
On March 10, 1996, the trial court for the third time ordered Wal-Mart to produce the accident reports, and it ordered Wal-Mart to complete the production by April 17, 1996.
On March 25, 1996, Wal-Mart gave its counsel a list of all 86 Alabama stores. That same week, Wal-Mart counsel sent a letter requesting the accident and incident reports from each of the 86 stores. Wal-Mart explained thereafter to the trial court that these records were kept in the separate stores and stated that the stores were responding slowly to the requests. Two days before the court's April 17, 1996, deadline for completing discovery, Wal-Mart filed this petition for the writ of mandamus.
A writ of mandamus is a drastic and extraordinary remedy. One petitioning for the writ must show a clear legal right to the order sought; an imperative duty on the respondent to perform, accompanied by a refusal to do so; lack of another adequate remedy and properly invoked jurisdiction of the court. Ex parte Johnson, 638 So.2d 772 (Ala.1994).
We must consider whether the trial court abused the wide discretion it is afforded in discovery matters. Rule 26(b)(1), Ala.R.Civ. *67 P., concerning discovery, states, "It is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence."
A trial court has very broad discretion in discovery matters, and its ruling on discovery matters will not be reversed absent a clear abuse of discretion. See Ex parte Thomas, 628 So.2d 483 (Ala.1993); Home Insurance Co. v. Rice, 585 So.2d 859 (Ala. 1991). "[Rule 26] contemplates a broad right of discovery. Discovery should be permitted if there is any likelihood that the information sought will aid the party seeking discovery in the pursuit of his claim or defense. Discovery is not limited to matters that would be admissible as evidence in the trial of the lawsuit." Ex parte AMI West Alabama General Hospital, 582 So.2d 484, 485 (Ala.1991), citing Ex parte Dorsey Trailers, Inc., 397 So.2d 98 (Ala.1981); Ex parte Pomerantz, 590 So.2d 903 (Ala.1991).
Wal-Mart's only attempts to comply with any of the trial court's three orders were 1) to produce the reports from the Thomasville store and 2) for its counsel to send the letter about two weeks before the final deadline for total compliance. Regarding the letter, counsel for Wal-Mart could report only that the other 85 stores were responding slowly. No documents were produced from those other stores. The trial court issued its first production order on August 9, 1995. During the discovery process the trial court held on three occasions, over a 7½-month period, that Wal-Mart had not sufficiently proven that compliance would be unduly burdensome.
We conclude that Wal-Mart has failed to show that the trial court abused its discretion in this pre-trial discovery matter.
WRIT DENIED.
SHORES, INGRAM, COOK, and BUTTS, JJ., concur.
HOOPER, C.J., and MADDOX, J., dissent.
HOOPER, Chief Justice (dissenting):
I must respectfully dissent. Elizabeth Thompson was hit on the head by a small footlocker while shopping at the Wal-Mart store in Thomasville. The locker was 1½- to 2-feet square and weighed less than two pounds. She alleged that a Wal-Mart employee working in an aisle next to the one where she was shopping replaced a piece of luggage above the riser between the two aisles. According to the briefs filed in this Court, when the luggage was placed on top of the riser, it pushed the locker off the other side; it struck Ms. Thompson on the head. She was taken to a hospital, where she received stitches. Her X-rays indicated nothing abnormal.
Ms. Thompson sued Wal-Mart, alleging that it had negligently and/or wantonly caused the footlocker to fall on her head. She asked Wal-Mart to produce all accident reports from all 86 Alabama Wal-Mart stores for the past five years. Wal-Mart objected, arguing that the request was burdensome. Wal-Mart asks that discovery be limited to accidents involving items falling from the top of risers in the Thomasville store. The trial judge ordered Wal-Mart to comply with Ms. Thompson's request, and Wal-Mart filed this mandamus petition.
"Mandamus is an extraordinary remedy requiring a showing [of]: `(1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court.' Ex parte Edgar, 543 So.2d 682, 684 (Ala.1989); Ex parte Alfab, Inc., 586 So.2d 889, 891 (Ala.1991)."
Ex parte Johnson, 638 So.2d 772, 773 (Ala. 1994). See Ex parte Preston Hood Chevrolet, Inc., 638 So.2d 842 (Ala.1994); and Ex parte Liberty National Life Ins. Co., 631 So.2d 865 (Ala.1993).
The majority holds that Wal-Mart has no clear legal right to the relief it requests. I disagree. A trial court's discretion to control the discovery process is not unlimited, and a mandamus petition is the proper means of review to determine whether the trial court *68 has abused its discretion. Ex parte Thomas, 628 So.2d 483, 485 (Ala.1993).
When a trial court fails or refuses to limit discovery to information relevant to the issues of the case or to information reasonably calculated to lead to the discovery of admissible evidence pertaining to the issues of the case, a writ of mandamus should issue to compel the trial court to so limit discovery. Ex parte Mobil Oil Corp., 613 So.2d 350, 352 (Ala.1993). A primary goal of the discovery rules is to ensure "the just, speedy and inexpensive determination" of civil actions, Ala. R.Civ.P. 1(c) (emphasis added), and another goal is to cause no "undue burden or expense." Ala.R.Civ.P. 26(c).
Discovery is not and never has been free of expense to the parties in a lawsuit. Therefore, trial courts, when compelling production, must consider the costs of complying with discovery requests and should make a commonsense determination as to which matters are admissible or will likely lead to the discovery of admissible evidence. Moreover, I do not think that an appeal at the end of a case is an adequate remedy for dealing with improper discovery rulings, because delay costs the parties unrecoverable expenses.
The trial court allowed Ms. Thompson to discover all accident reports for the past 5 years from all 86 Wal-Mart stores in Alabama. Ms. Thompson alleges that Wal-Mart negligently and/or wantonly caused the footlocker to fall on her head by placing a piece of luggage on top of the riser between her aisle and the next aisle. It appears that Ms. Thompson hopes to prove that the operators of Wal-Mart stores in Alabama have engaged in a statewide pattern of injuring persons in their stores by negligently and wantonly stacking their merchandise. Perhaps she desires to prove a statewide pattern and practice of wanton stacking. Such proof would allow Ms. Thompson to try for the Alabama punitive damages jackpot. In addition, burdensome discovery placed upon Wal-Mart might force it to settle a case it would not otherwise settle.
The broad rules of discovery "should not be misapplied so as to allow fishing expeditions in discovery. Some threshold showing of relevance must be made before parties are required to open wide the doors of discovery and produce a variety of information which does not reasonably bear upon the issues in the case." Hofer v. Mack Trucks, Inc., 981 F.2d 377, 380 (8th Cir.1992); and see Ex parte Darring, 242 Ala. 621, 7 So.2d 564 (1942) (fishing expeditions through books of account, as well as fishing expeditions in general, are not to be tolerated). I think Ms. Thompson's request for all accident reports for the past 5 years from all 86 Wal-Mart stores in Alabama is such a fishing expedition.
I suppose the following hypothetical scenario is something along the lines of what a plaintiff like Ms. Thompson might hope to prove:
Company X profits from allowing some injuries to its customers. When it decided to build its stores in Alabama, its architect and general contractor explained that it could save $485,000 per year if it made the risers between aisles 6 feet wide instead of 8 feet wide. Company X knew that having less room on top of the risers was dangerous and that items stored on top of those risers would be more likely to fall off.
Next, Company X asked its national office to perform a statistical analysis on items falling off risers. It found that items would fall off the risers at a rate of .7 items per day per store, or 60.2 items per day across the 86 Alabama stores. Company X also determined that 16% of the items that fell off the risers would strike employees or customers. It also found that of the 16% of the persons that were struck by items, 21% of those persons would receive injuries ranging from mild to serious. Company X knew that few of those persons would actually take the effort to begin legal action.
Company X forwarded this statistical analysis to its national legal department. The legal department was charged with determining the total cost of lawsuits occurring as a result of items falling off risers. The legal department determined that the annual cost for all 86 Alabama stores would likely be between $210,000 and $300,000.

*69 Finally, Company X called a meeting of its board of directors and presented the statistical analysis and the estimates of the legal department. The board decided to save $485,000 on construction costs by building smaller risers.[1] The board recognized that having smaller risers would result in more injuries to Company X's employees and customers.[2] But the board wanted to make more money, so it coldly analyzed the economic advantages of building smaller risers, knowing that doing so it would result in more injuries to its employees and customers. Nevertheless, Company X decided to build smaller risers and thereby to injure its customers and employees.
The actions of Company X's board were perhaps wanton, because its directors knew that it would cost Company X less to pay for risers that would inevitably result in more injuries to customers and employees.
Have we really come to the point that we see a nefarious purpose behind every accident, every injury? I think Wal-Mart has a clear legal right to not be subjected to these discovery requests, which appear to me to be burdensome and to amount to a fishing expedition. These requests are not likely to produce admissible evidence or to lead to the discovery of admissible evidence. In fact, the plaintiff's wantonness claim borders upon the frivolous. Therefore, I think mandamus relief is appropriate. Accordingly, I would grant the mandamus petition and direct the trial judge to modify the discovery request so as to limit discovery to the accident reports relating to merchandise falling from risers at the Thomasville store.
NOTES
[1] A Company X board member stated at the board meeting: "Look, we save $485,000. According to our legal department, the most it would cost us in damages and legal fees is $300,000. That means that we will save at least $185,000."
[2] The callousness of the board members is displayed in the following comments: A board member stated, "What's the worst thing that can happen from building smaller stores? I suppose a couple of customers might bump into each other with shopping carts." Another board member said: "People get injured every day; its not our fault if something falls off a shelf."