EMBRY, Justice.
This is a petition of John Cecil Washburn, as a member of the Etowah County Commission, for the Writ of Mandamus to compel Honorable James B. Waid, Judge of the Circuit Court of Etowah County, to set aside a protective order which denied petitioner the right to take depositions of witnesses. The petition presents to this court the issue of whether Washburn may, in an impeachment proceeding, depose witnesses of the State while claiming a privilege against being deposed by it because he is under indictment for some offenses which are also bases for the information of impeachment pending against him.
We uphold his privilege under the circumstances and conditions that will be discussed, and therefore issue the Writ.
Four indictments were returned against Washburn in February 1976 for offenses alleged to have occurred during 1974 and 1975. An Information Of Impeachment And Prayer For Ouster (from his office as the member of the Etowah County Commission from District Four) was filed concurrently with the return of the indictments. The information was based on grounds including, and additional to, the grounds of the indictments. The following sequence of events then took place. Washburn filed a request for production of documents and things under Rule 34, ARCP, and notices of oral depositions of persons who he believed to be witnesses for the State in the impeachment proceedings. The State then noticed the oral deposition of Washburn who thereupon filed his motion for a protective order to prevent the State from orally deposing him. One of the grounds of his motion was that if he were compelled to testify on deposition while under indictment he would be deprived of his constitutional privilege against self-incrimination.
The State then filed its motion for a protective order to relieve it of the obligation to respond to Washburn’s discovery proceedings. Its motion was grounded on the proposition that: Alabama’s Rules of Civil Procedure are not applicable to impeachment proceedings concerned entirely with allegations of factual transactions which constitute violations of the criminal laws; ARCP are not available to a party who bars and prevents discovery by the other party; and one-sided, non-mutual discovery is unfair, oppressive, and not conducive to a truthful and just determination of the case.
After oral argument and receipt of briefs, the trial judge entered an order granting motions of each party “ * * * to prevent taking of depositions of witness * * *"
*22 Applicability of ARCP
Rule 81(a)(14), ARCP provides:
(a) Proceedings Controlled by Statute. In the following proceedings, these rules shall be applicable to the extent that the practice in such matters is not provided by statute:
;}s sfc % sfc %
“(14) Impeachment.”
Section 189, Title 41 of the Code, relating to impeachment, provides in part:
“* * * the cause, * * * shall be proceeded with in all respects as civil actions at law are conducted, with the right to either party to except to the rulings of the court, and to reserve such exceptions as in civil causes; and the defendant shall be entitled to a trial by jury on any issue of fact, whenever he demands the same.”, .
and Section 193 contains these words:
“ * * * Witnesses in impeachment cases are entitled to the same fees and compensation as witnesses in civil cases in the circuit court, to be certified in the same manner and taxed and collected as costs. * * * ”
As noted, the State contends the discovery provisions of ARCP are not applicable to an impeachment proceeding concerned entirely with allegations of factual transactions which constitute violations of criminal law. We do not agree. Authorities relied upon by the State do in fact denominate impeachment proceedings as penal in nature; a criminal prosecution in which defendant has certain constitutional rights; a proceeding in the nature of a criminal prosecution; and partakes of the nature of both civil and criminal actions. See Alonzo v. State ex rel. Booth, 283 Ala. 607, 219 So.2d 858. Since such proceedings seem to be unique hermaphroditic creatures, we must look to the structures provided by the legislature and this court to determine how we must regard impeachment with respect to procedural processes.
We find no difficulty in holding that Rule 81(a)(14), ARCP, makes applicable to these proceedings the discovery rules of ARCP. Section 189, Title 41, Code, makes clear that the cause (impeachment) shall be proceeded with in all respects as civil actions at law are conducted. Section 193 provides for witness fees as in civil cases; the statutes are otherwise silent regarding discovery procedures; and this court has rule making power under. our constitution; Rule 81(a)(14) supplies otherwise nonexistent procedures for the conduct of impeachment proceedings, thus it seems clear ARCP governs the conduct of this impeachment case.
Perhaps the trial judge granted the State’s motion for protective order upon the conclusion that ARCP did not govern in this case, in this he was mistaken. On the other hand, if the order was based on the conclusion that since Washburn’s constitutional privilege against self-incrimination must be protected then discovery by him of the State would be one-sided and nonreciprocal and required grant of the State’s motion, in this also he was mistaken. In any event, the order must be set aside. The order granting Washburn’s motion must also be set aside for the reasons we will now discuss.
Availability Of Discovery After Grant To Washburn Of Protective Order In His Behalf
Washburn should not have been granted a protective Order before he was sworn and questioned. He has no privilege from being called as a witness; only the privilege to decline to give answers which might incriminate him. This court could never give examples of every conceivable incriminating or non-incriminating answer in the context of a case where the facts are not known to us. This is better left to the skilled and experienced trial judge who alone can wrestle with this problem in this case. It may, or may not, be that few, or many, of the answers to questions to Wash-burn might incriminate him. Nevertheless, his privilege under the Constitutions of Alabama and of the United States must remain inviolate and the claim of it cannot prevent discovery by him of the State’s witnesses or production of documents and things by it.
*23 Mutual and Reciprocal Discovery
The claim by Washburn of his privilege against self-incrimination will not cause the discovery he seeks to be nonmutual or nonreeiproeal. That privilege merely limits the scope of the State’s inquiry of Washburn alone, not his witnesses. Authorities cited by the State, including Ex parte Loveman, Joseph & Loeb, 241 Ala. 379, 2 So.2d 446 (1941), are simply inapt to this case, as is Wardius v. Oregon, 412 U.S. 470, 93 S.Ct. 2208, 37 L.Ed.2d 82 (1973).
Because ARCP are applicable, the discovery provisions of ARCP are available to Washburn as well as to the State; discovery in this case is mutual and reciprocal; and there is presented no case of oppression, hardship, or injustice in allowing discovery. If, on the basis of this decision, the trial court does not set aside its protective order as to both litigants, a writ to effectuate that will issue on request of petitioner or the State.
WRIT GRANTED CONDITIONALLY.
TORBERT, C. J., and BLOODWORTH, JONES and ALMON, JJ., concur.